## State vs. Kneifle and others.

The statute does not authorize the judge of a circuit court to *report* a case to the
supreme court for its decision of a question of law arising therein, unless the
person on whose trial such question arose was *convicted* of an offence.

REPORTED from the Circuit Court for *Juneau* County,
for the opinion of this Court.

Indictment against *Martin, Jacob, Franz, Agnes, Mary* and
*Theresa Kneifle*, in the circuit court for La Crosse county.
The case is stated in the opinion of the court.

*Lyndes & Lacy* and *Alex. Cameron*, for the state.
*E. Fox Cook* and *C. K. Lord*, for defendants.

*By the Court*, DIXON, C. J.   At the November term, A.D.   October 15.
1859, of the circuit court of the county of La Crosse, in the
sixth judicial circuit, the defendants above named were joint-
ly indicted for the murder of one William Dennison, said to
have been perpetrated by them at the town of Greenfield, in

said county, on the 9th day of August preceding. With the exception of the defendant *Jacob*, they were at the same term severally arraigned, and plead not guilty. At a subsequent day of the term, on the affidavit and motion of the defendant *Martin*, the place of trial was changed from the county of La Crosse to the county of Juneau, in the seventh judicial circuit, on account of the alleged prejudice of the judge before whom the action was pending. The four last named defendants, who had been so arraigned and plead not guilty, did not join in this motion. The place of trial being thus changed, the defendants were severally recognized for their appearance at the next term of the court for the county of Juneau, to answer the indictment, and the indictment, recognizances, &c., transmitted to the clerk of the court for that county. They severally appeared at the ensuing December term of the court for Juneau county, when the four last named presented their petition or motion to the court, in which they set forth that the removal of the cause from the county of La Crosse, was against their wishes and without their consent; that they were willing and anxious to have their trial in that county, and that they objected to such change of the place of it, both before and at the time the same was directed. They insisted that as to them the circuit court for Juneau county had no jurisdiction, and asked to be discharged from further attendance thereon. Upon this motion, the court made an order, in which, after reciting that it had no jurisdiction to try the said *Franz, Agnes, Mary* and *Theresa*, they were remanded to the county of La Crosse for trial, and the sheriff of that county was directed to take them into his custody. The defendant *Martin* had his trial, and being convicted of manslaughter in the second degree, was sentenced accordingly.

At the March term, 1860, of the circuit court for the county of La Crosse, the cause being on the calendar thereof, the district attorney for that county moved the court for a warrant for the arrest of *Franz, Agnes, Mary* and *Theresa*. This motion, being opposed by their counsel, was denied. A certified copy of the motion and order was transmitted to the circuit court for the county of Juneau.

At the subsequent June term of the Juneau circuit court, the district attorney, after due notice, moved to vacate the order made at the December term, by which the four last named defendants were remanded to La Crosse county for trial. Upon this motion the presiding judge reported the matter to this court for its opinion upon two questions: First, whether the circuit court for Juneau county had jurisdiction to try said defendants; and second, whether that court erred in remanding them.

June Term,
1860.

Upon examination of the statute we are satisfied that we can take no cognizance of these questions by this mode of proceeding. The only case in which a report is authorized, is that specified in section 8 of chap. 180 of the Revised Statutes, which provides that, if, *upon the trial of any person who shall be convicted in the circuit court*, any question of law shall arise, which, in the opinion of the judge, shall be so important or so doubtful as to require the decision of the supreme court, he shall, if the defendant desire it or consent thereto, report the case so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in that court shall be stayed. It is very manifest that this case does not fall within the statute. No trial or conviction of the defendants who are to be affected by the decision of the motion, has yet been had, and this court cannot entertain the proceeding. It must, therefore, be dismissed.