## KUEHN vs. WILSON.

Where a complaint does not show with sufficient certainty the cause of action re- lied upon, the proper remedy of the defendant is by a motion to have the complaint so amended as to render it certain.

When skill and care are required in the performance of an act, a person who pro- fesses to have such skill, and undertakes for hire to perform the act, is bound to do it in a skillful and proper manner.

A complaint against a farrier alleged that he undertook, for reward, to castrate a colt for the plaintiff, and do it in a skillful manner, and warrant the colt "to do well and get well;" but that he performed the act in an unskillful manner, in consequence of which the colt died : *Held*, that the action was for a breach of the implied obligation or duty to perform the undertaking properly.

This court will not reverse a judgment because a part of the instructions to the jury in the court below were lacking in legal precision, if it appears that the true issue between the parties was fairly submitted to the jury, and no error committed to the prejudice of the appellant.

Where the testimony of the parties to a suit, each of whom is a witness in his own behalf, is conflicting, and neither is supported by other evidence, the jury

June Term, 1860.

KUEHN
v.
WILSON.

* must determine which is entitled to the greater credit; and an instruction "that so far as the testimony thus conflicts, the plaintiff must fail," was properly refused.

Where the evidence was conflicting, this court will not disturb a judgment on the ground that the evidence did not support the verdict, unless the verdict was strongly overborne by the evidence.

APPEAL from the County Court of *Dane* County.

The complaint was in substance, that the defendant promised the plaintiff for a certain reward, to castrate a colt belonging to him, and " do it in a skillful manner, and warrant the colt to do well and get well in a few days," but that he castrated it in an unskillful manner, in consequence of which it died, to the plaintiff's damage, &c. The defendant admitted that he castrated the colt, but denied every other allegation in the complaint.

The plaintiff testified that the defendant, when sent for to perform the operation, went to the lot where the colt was, and said he would warrant him, and after it was performed, said he would warrant the colt would be well in three days. The plaintiff paid the defendant one dollar for his services. Any proof of a warranty was objected to by the defendant, but the objection was overruled. The defendant testified that he did not warrant the colt. The proof was, that the colt died in a few days, but whether its death was owing to the unskillfulness and want of care of the defendant, or to some other cause, the evidence was conflicting. One witness testified, that several days after the operation had been performed, the defendant told the plaintiff he would warrant the colt to be well in two or three days.

The judge charged the jury that this was an action " for breach of warranty on the castration of a colt;" that " in cases of this kind, the law implies a warranty to act skillfully on the part of the operator;" that "it was not necessary that the defendant should say 'I warrant,' but he must use words to that effect. If the general tendency of his assurances was such as to make a warranty, the jury should find there was one; and if the defendant warranted the colt, he is liable in this action." The defendant asked the court to instruct the jury, " 1. That if the testimony of the plaintiff and defend-

June Term,
1860.

KUEHN
v.
WILSON.

ant conflicts in regard to the warranty, and neither is corroborated by other testimony, so far as that testimony so conflicts, the plaintiff must fail. 2. That if the jury find that the pretended warranty was made after the castration was completed, and without a new consideration, then such warranty was without consideration and void. 3. That, although the jury should find that the defendant did warrant the colt to do well and get well, yet if they believe, from the evidence, that the colt died from any other cause than improper castration, and aside from the defendant's acts, then the warranty would not cover the loss, and the plaintiff cannot sustain the action on the warranty. 4. That unless the jury find that there was a warranty by the defendant, for which he received a consideration, such a warranty is a naked contract and not binding on him." The court gave the third instruction asked, and refused the others.

Verdict for the plaintiff. A motion by the defendant for a new trial, on the grounds that the verdict was not supported by the evidence, and that the court erred in its general charge, and in its refusal to give the 1st, 2d and 4th instruction asked by him, was overruled. Judgment on the verdict.

*Welch & Lamb*, for appellant, argued that the complaint contained, improperly joined in a single count, two distinct causes of action, and that the court should have compelled the plaintiff to elect for which he would proceed, (R. S., chap. 125, secs. 29, 30; 4 How. Pr. R., 226, 228; 9 id., 251, 378, 436; 10 id., 361; 4 Abb. Pr. R., 202); that the court erred in admitting evidence of what was said by the defendant several days after the service was performed; and that the court erred in making no discrimination in its charge between a naked warranty and one for which there was a consideration, and in refusing to give the instructions asked by the defendant.

*Wakeley & Tenney*, for respondent, contended that the warranty set up in the complaint was such a warranty as the law implies, and therefore the plaintiff could recover without proof of an express warranty (*Bird vs. Mayer*, 8 Wis., 362); and that the instructions asked by the defend-

ant were bad, because based upon a different theory of the <span style="float:right">June Term.<br>**1860.**</span> case.

<span style="float:right">KUEHN<br>v.<br>WILSON.</span>

*By the Court,* COLE, J.    Although the complaint in this case is not very artistically drawn, yet, as we understand it, <span style="float:right">November 19.</span> the action is for an injury arising from an unskillful and improper castration of a colt, in consequence of which the animal died.    It is true, there is some language in the complaint which would lead one to suppose that the pleader intended to found the action upon an express warranty that the colt "would get well and do well," and not for a neglect or breach of an implied warranty or duty in performing the undertaking; but if the whole complaint is examined it will readily be seen that the action is for a breach of a common law duty resulting from the facts therein stated.    There can be no doubt at all about the principle of law, that when skill and care are required in performing an undertaking, and a party professes to have skill in the business, and undertakes for hire to do it, he is bound to perform it in a skillful and proper manner.    In such a case a party is understood to have engaged to use a degree of diligence and skill adequate to the due performance of his undertaking.    Thus in this case, when the appellant undertook to castrate the colt, holding himself out to the world as a farrier competent for such business, he was then bound to apply a reasonable degree of skill to the service, and if through his ignorance or bad management in performing the operation, the colt died, he is answerable for the loss.    These principles of law are too familiar to need the citation of authorities to establish them, and were not controverted at all upon the argument by the counsel for the appellant.    But he insisted that as the complaint joined two distinct and inconsistent causes of action, one upon an express contract or warranty, the other for a breach of an implied warranty, no proof should have been admitted under such a complaint until the respondent had elected, for which cause of action he was intending to proceed.    But as we think the complaint shows with sufficient certainty that the action was for unskillfully castrating the colt, and as the whole record shows that the cause was

tried upon that theory, this objection cannot be maintained. If the complaint was not sufficiently certain, the remedy was by motion to the court to have it made more certain; but it sets out substantially an action on the case under the old practice, and appears to have been tried in that light by the parties, and will now be so considered.

The principal errors complained of are those which arise upon the instructions given the jury, and the refusal of the county court to give certain instructions asked for on the part of the appellant. The general charge may be open to some criticism, for not stating with entire fullness and legal precision the principles of law applicable to an action on the case, and one upon an express warranty; but we do not think it could have misled the jury to the prejudice of the appellant. If this case contains the whole charge as given, we should say that the county court failed to discriminate between an express warranty that the colt would " do well and get well," and that legal obligation which the law will imply, to do the act with reasonable care and skill. For in telling the jury what constituted an express warranty, the court did not make it out to be anything more than such a warranty as the law would imply from the nature of the undertaking. This is clear from the third special instruction asked for on the part of the appellant, and given by the court, which was in these words: " That although the jury should find that the defendant did warrant the colt to do well and get well, yet if the jury believe from the evidence that the colt died from any other cause than improper castration, and aside from the defendant's acts, then the warranty would not cover the loss, and the plaintiff cannot sustain the action on the warranty."

Now an express warranty that the colt would get well, would render the appellant liable for the loss of the colt, whether he died from improper castration or from some other cause. The common law liability would require him to perform the operation with reasonable skill and care, nothing further. An express warranty that the colt would get well, would be an absolute engagement to make good the loss, if the colt died without neglect from any one. The

warrantor would take the chances and hazards of weather, intervening disease, &c. As already observed, this action was tried all the way through, as if the gravamen of the complaint was unskillful and improper castration. This issue appears to have been substantially left to the jury. And although the county court did not state accurately to the jury the nature and extent of an express warranty that the colt would do well and get well, still we do not feel that we should be authorized in reversing the judgment for that reason. The real issue, the real point in controversy, viz: unskillful castration, seems to have been fairly submitted to the jury. And for a like reason we think the judgment ought not to be reversed for the refusal of the court to give the second and fourth special instructions asked. These instructions were applicable to an express warranty. The respondent did not attempt to recover upon that ground. His evidence did not tend to establish such a case. The court, in telling the jury what the contract of express warranty was, made it out to be nothing more than an undertaking to answer for any loss sustained in consequence of want of reasonable care and skill. This was what the law would imply. We therefore think those instructions, under the circumstances, became immaterial.

It was for the jury to weigh the testimony of the parties and determine which was entitled to the greater credit; and therefore the first instruction was properly refused.

Upon the whole evidence in the case, we are satisfied the jury must have found that the colt was unskillfully and improperly castrated, and we must, therefore, affirm the judgment. Whether we should have arrived at the same result, it is unnecessary to state. We could not disturb the verdict unless it were strongly overborne by the testimony.

The judgment of the county court is affirmed.