## GRANT vs. LAW.

CONTRACT: *Rescission on ground of fraud. Judgment.*

1. In an action in equity for the rescission of a contract for the sale of and on the ground of fraud, and also to have a mortgage and notes for purchase money released and canceled, a judgment which does not provide for an absolute rescission of the contract, but treats it as valid in part, and void in part, and cancels such notes and mortgage, permitting the purchaser to hold on to the land, cannot be sustained.

2. A party cannot disaffirm a contract in part on the ground of fraud, and affirm it as to the residue. He must make his election either to rescind it *in toto*, by restoring all that he has obtained by it, in which case he may recover back what he has paid on it, or he may retain the property and sue for damages for the fraud. The rule is the same in respect to both personal and real estate.

APPEAL from the Circuit Court for *La Fayette* County.

The complaint states that the plaintiff purchased of the defendant, four hundred acres of land in LaFayette county, for the consideration of $40,000, paid $15,000 in cash, and gave notes and a mortgage for the balance, three of which, for the sum of $5,000 each and interest at ten per cent., were still outstanding and belonged to defendant. The plaintiff then alleged that, to induce him to purchase, the defendant by his agent, R. S. Law, represented among other things, that such land was very rich and valuable mineral ground, and contained large

quantities of lead ore, and that a test had been made and lead ore discovered; that he was induced by his belief in such representations to make the purchase and pay the price; that they were knowingly, falsely and fraudulently made for the fraudulent purpose of inducing him to purchase at that price; that in fact, no lead ore or mineral of any value had been found, and there were, at the time the representations were made, no perceptible indications to warrant the conclusion that the land was mineral land; that he had expended a large amount of money and made a thorough test, and clearly established the fact that it was not; and that he had tendered to the defendant a deed of the premises and requested him to refund the money paid, which was refused.

He therefore asks judgment for $60,000 damages, and that the defendant be required to release and discharge such mortgage and deliver up said three notes to be canceled; and that, until final judgment, he may be restrained from disposing thereof.

The defendant, by answer, among other things, expressly denies all the fraudulent representations alleged; or that the plaintiff was induced thereby to purchase; or that the plaintiff had been defrauded or damaged in any sum; or that R. S. Law, the person alleged to have made such representations, was his agent; or that the plaintiff had made a thorough test of the land as to its being mineral land; but alleges that the land was good agricultural land, having on it valuable improvements, and was worth $40,000; that the negotiation for the purchase was made between the plaintiff and defendant personally, and the plaintiff expressly stated at the time that he relied upon his own judgment about the land; and asks that the injunction may be dissolved and judgment rendered in his favor for the interest due on the outstanding notes.

At the trial, the court, without the consent of the parties, submitted to a jury certain questions of fact, and they having found, in answer to the first question, that the defendant did in-

duce the plaintiff to purchase the tracts of land described in his complaint, by means of the fraudulent and false representations alleged therein; and the court having adopted such finding, and having found the further facts alleged in the complaint, and that the plaintiff had suffered loss and damage to the amount of four thousand dollars, expended in searching for mineral, and $27,000, the difference between the value of the land as found by the jury, and the price agreed to be paid; and that the plaintiff had remitted all damages over and above the amount of the unpaid notes and interest; it found as conclusions of law that the plaintiff was entitled to recover the amount of such notes and interest, and to have judgment that the defendant surrender the notes and discharge the mortgage in lieu of a judgment for said amount of damages, and that he recover his costs and expenses, and that the temporary injunctional order before granted be made perpetual.

From the judgment entered in accordance with such findings, the defendant appealed.

*Finches, Lynde & Miller*, for appellant, contended that the whole trial had proceeded upon the erroneous theory that R. S. Law was the agent of the defendant, which was not established by proof; and for that reason judgment should be reversed, citing 9 Wallace, 553; 20 How., 252; id., 359; that the verdict was against the weight of evidence; that the plaintiff's offer to rescind, if not too late, was insufficient, as he did not offer to restore all that he had received, citing *Weed v. Page*, 7 Wis., 503; *Costigan v. Hawkins*, 22 id., 74; *Hollenbeck v. Shoyer*, 16 id., 503; and that the judgment was erroneous in not rescinding the whole contract, but merely cancelling the unpaid notes and mortgage, thus giving the plaintiff title to the land, and depriving the vendor of the purchase money, citing *Goelth v. White*, 35 Barb., 76; *Lamerson v. Marvin*, 8 id., 9; *Pratt v. Philbrook*, 33 Me., 17; *Pearsoll v. Chapin*, 44 Pa. St., 9; *Akerly v. Vilas*, 21 Wis., 88; *Williams v. Ketchum*, id., 432; *Cain v. Guthrie*, 8 Blackf., 409.

*Orton & Osborn,* and *M. M. Cothren,* for respondent, argued that, no written exceptions having been taken to the separate findings of fact or conclusions of law, or to the instructions to the jury, there was no error before the court for correction, citing laws of 1860, chap. 264, sec. 13; *Smith v. Coolbaugh,* 21 Wis., 427; *Taft v. Kessel,* 16 id., 273; *Gilman v. Thiess,* 18 id., 528; *Newel v. Doty,* 33 N. Y. (6 Tiff.), 83; *Strohn v. D. & M. R. R. Co.,* 23 Wis., 126; *Nicks v. Marshall,* 24 id., 139; *Sylvester v. Gurnsey,* 22 id., 570. As to the question of fraud, they cited *Smith v. Mariner,* 5 Wis., 556; *Kelly v. Sheldon,* 8 id., 258; 1 Story's Eq., § 186 and note 3; and *Hubbard v. Briggs,* 31 N. Y., 518. As to the liability of the defendant for the fraud of R. S. Law by accepting the contract and refusing to make restitution after knowledge of the fraud, they cited 1 Story's Eq., § 193; *Fitzsimmons v. Joslin,* 21 Vt., 140; *Fuller v. Wilson,* 3 Ad. and Ell., N. S., 58; *Hartopp v. Hartopp,* 21 Beavan, 259; Adams' Eq. (3 Am. ed.), 396; *Bennett v. Judson,* 21 N. Y., 238; *Elwell v. Chamberlain,* 31 N. Y., 611; *Low v. Conn. R. R. Co.,* 46 N. H., 284; *Morton v. Scull,* 23 Ark., 289; *Udell v. Atherton,* 7 Hurl. & Nor. Eng. Ex., 172; *Sharp v. New York,* 40 Barb., 256; *Ballston Spa Bank v. Marine Bank,* 16 Wis., 120; *Paine v. Wilcox,* id., 202; *Beal v. Park Fire Ins. Co.,* id., 241; *Huguenin v. Baseley,* 3 Leading Cases in Eq., 103; *Whelan v. Whelan,* 3 Cow., 537.

COLE, J. It is objected that the judgment in this case proceeds upon an erroneous basis, and cannot stand; that it gives the plaintiff the title to the land, and yet deprives the vendor of the unpaid purchase money. It is insisted that, if the plaintiff seeks to rescind the contract on account of fraud practiced upon him by the defendant at the time of sale, then he must rescind *in toto,* and cannot rescind in part and affirm in part. The complaint demands a judgment for sixty thousand dollars damages sustained in consequence of the fraud and misrepresentations made in regard to the land being rich and valuable

mineral ground, containing large quantities of lead ore, etc., and also that the mortgage and three unpaid promissory notes be released and cancelled. The circuit court held that the plaintiff was entitled, in lieu of a judgment for the amount of damages, that the defendant surrender and deliver up these notes and release the mortgage of record, retaining, of course, the real estate which he had purchased. It is not claimed by any one that this is an action at law for fraud and deceit, where the recovery is a judgment in form for so many dollars according to the proof of the amount of damages sustained by the plaintiff. This evidently is not the theory of the action, and such is not the relief granted by the judgment. But this is obviously an action in equity for a recission of the contract on the ground of fraud. It is like the case of *Miner v. Medbury*, 6 Wis., 295, and cases of that character.

And the difficulty, therefore, which meets us at the outset and which appears to be insurmountable is, that the judgment does not provide for an absolute recission of the contract, but treats it as valid in part and void in part. The plaintiff is permitted to hold on to the real estate, and at the same time have the notes and mortgage executed to secure the payment of a portion of the purchase money canceled for fraud. It seems to us that this cannot be done without a violation of well established principles. We do not wish to be understood as holding that, upon the evidence, the plaintiff would be entitled to a rescission of the contract and a recovery of the amount paid, but merely that he cannot affirm and disaffirm the contract at the same time. This is well settled. *Weed v. Page*, 7 Wis., 503; *Hollenbeck v. Shoyer*, 16 do. 499; *Costigan v. Hawkins*, 22 Wis., 74; *Akerly v. Vilas*, 21 do. 88; *Weeks v. Robie*, 42 N. H., 316; *Pearsall v. Chapin*, 44 Penn., S. R., 9; *Barton v. Beer*, 35 Barb. S. C., 78, are a few of the very many cases which might be cited in support of this doctriue.

The law upon this subject is very clearly laid down by BEARDSLEY J., in *Massen v. Bovet*, 1 Denio 69–74, as follows :

" The party who would disaffirm a fraudulent contract must return whatever he has received upon it. This is on a plain and just principle. He cannot hold on to such part of the contract as may be desirable on his part and avoid the residue, but must rescind *in toto* if at all." And the rule is the same in respect to both real and personal estate. The plaintiff must make his election, either to rescind the contract by restoring all that he has obtained by it, when he may recover of the defrauding party what he has paid upon it, or he may retain the real estate and sue for damages sustained by reason of the alleged fraud. But he cannot affirm so much of the contract as may be advantageous to him, and rescind as to the residue. And this seems to be what was really done by the judgment of the court below.

It results from these views that the judgment of the circuit court must be reversed, and the cause remanded for further proceedings.

*By the Court.* So ordered.