PADDEN vs. TRONSON and others.

*(1)* CONTRACT: *Officer's agreement to do his duty, no consideration for a promise to him.  (2, 3)  Court and jury.*

1. In an action on a sheriff's bond, for damages accruing to plaintiff from the sheriff's misconduct in permitting goods seized on an attachment in plaintiff's favor to be taken from his possession by one R., the answer alleges that before this action was brought, plaintiff agreed with the sheriff not to bring it, if the sheriff would sue R. and use due diligence to recover from him the value of the goods, and the sheriff, in consideration of such promise, agreed to and did bring such suit; and that he recovered judgment therein, and used due diligence to collect the same, without success. *Held,* immaterial, it being the officer's duty to use all necessary and proper means to obtain judgment in this plaintiff's favor against R., and the agreement being, therefore, without consideration.
2. Questions of fraud and negligence are for the jury, and their finding upon them will seldom be disturbed if there was any proper evidence to sustain it.
3. Averments of the complaint not denied by the answer, and a judgment in the sheriff's favor against R., offered in evidence by the defense, both going to show that plaintiff herein was entitled to recover the amount of damages claimed by him and actually allowed by the jury, this is sufficient to justify the verdict, and also an instruction to the jury to find as damages "the amount that all the proof shows you plaintiff's claim was."

APPEAL from the Circuit Court for *Chippewa* County.

Action on the official bond of *Tronson* as sheriff of said county. The complaint alleges, in substance, that, in an action by this plaintiff against one Smith, said *Tronson*, as sheriff, in April, 1873, duly attached certain logs on which plaintiff had a laborer's lien; that between May 1, 1873, and February 1, 1874, *Tronson*, by neglect of duty in his office as sheriff, permitted said logs and timber to be taken out of his possession by one John Robson, and removed out of said county; that the value of said property was $700; that in said action plaintiff recovered judgment against Smith, December 16, 1873, for $422.23; that execution was duly issued on said judgment in February, 1874, commanding the sheriff to satisfy the same out of said logs; that *Tronson* did not execute or return the writ, but alleged that Robson had taken

the logs out of his possession, and that he was about to commence suit, as sheriff, against Robson for the recovery thereof, and promised that if plaintiff would give him time to prosecute such suit, he, *Tronson*, would-pay said judgment to plaintiff immediately thereafter; that *Tronson* brought such suit, and recovered judgment against Robson, June 25, 1874, for $460.72, damages and costs; that such judgment was reversed by this court, and, upon a new trial, said *Tronson*, as sheriff, obtained a judgment against Robson for $524.83, being the amount of this plaintiff's "original judgment claim, with interest and costs;" that *Tronson* has taken no steps to collect such judgment, and refuses to pay said debt due this plaintiff, and the same remains entirely unpaid; that an *alias* execution was issued in June, 1876, on plaintiff's judgment against Smith, commanding the sheriff, among other things, to levy on said logs, attached in the action, etc., which execution was returned unsatisfied; and that Smith, in 1873, became insolvent and fled the state. Leave to bring this action was also duly averred. The specific relief demanded is a judgment for $422.23, with interest thereon from December 16, 1873, and the costs of this action. The separate answers of *Tronson* and the sureties both set up the statute of limitations. *Tronson* also alleged that about the time he commenced his action against Robson, plaintiff and he entered into an agreement, whereby plaintiff promised that if *Tronson* would bring such action and prosecute it with reasonable diligence, he, plaintiff, would not bring any action against *Tronson*, and that *Tronson*, in consideration of such promise, agreed to bring and so prosecute said action; that he fully performed the agreement on his part; that he has been unable to collect his judgment against Robson, because, ever since the same was rendered, Robson has been insolvent, etc. The answer further denies that *Tronson* promised to pay plaintiff the amount of his judgment against Smith, except in case the judgment against Robson should be collected; and it denies any fault of *Tronson* in permitting the logs attached by him to be removed from his possession.

The sureties, in their answer, claim to have been released, on the ground that plaintiff's promise to *Tronson* was not to bring suit on the bond if *Tronson* would bring suit against Robson, etc. They also deny generally all allegations of the complaint except those relating to *Tronson's* official character and the execution of his bond.

The evidence will not be stated. The court charged the jury that if they found that *Tronson* allowed the logs to go from his possession by fraud or inexcusable negligence, they should find in plaintiff's favor, and against the defendants, " to the amount that all the proof shows you that plaintiff's claim was." It refused an instruction asked by defendants, to the effect that if the jury believed that there was an agreement between plaintiff and *Tronson* of the kind alleged in the answers, and that *Tronson* performed his part of said agreement, then plaintiff could not recover in this action.

Verdict for the plaintiff, assessing his damages at $545.85. A motion for a new trial was denied; and defendants appealed from the order.

For the appellants, there was a brief by *Wheeler & Marshall*, and oral argument by *Mr. Wheeler*.

*Arthur Gough*, for the respondent.

ORTON, J. The reasons assigned by the learned counsel of the appellants, for the circuit court to grant a new trial in this case, that the charge of the judge was contrary to the law, and that the instruction asked ought to have been given, were clearly insufficient.

The charge of the court was correct beyond criticism; and the instruction asked required the court to give effect to an alleged agreement to forbear suit, which was without consideration; for it was the duty of the sheriff, *Tronson*, to use all necessary and proper means to obtain judgment for the use of the respondent against the person who had so unlawfully removed or converted the property seized upon the attachment.

The other reason assigned, that the verdict was contrary to the evidence, as has been frequently decided by this court, will

be unavailing unless there was a clear preponderance of the proof against the verdict. Questions of fraud, negligence and carelessness are very properly left to the jury, and their finding upon them will seldom be disturbed if there was any proper evidence to sustain it.

The damage suffered by the respondent was the value of the property taken by the sheriff, *Tronson*, on the attachment, and the respondent alleges such value to be the sum of $700, in his complaint, and the complaint further shows that *Tronson*, the sheriff, and one of the appellants here, recovered a judgment against one John Robson for the sum of $524.83, as the value of the property taken away from him after it was so seized upon the attachment, including interest and costs. These allegations are not denied by the answer, and the appellants introduced this judgment in evidence as a part of their defense. This would seem to be sufficient to justify the verdict as to the amount of the damages, and also the charge of the court, that the jury should find "the amount that all the proof shows you that plaintiff's claim was."

On this showing, we think the circuit court properly denied the motion of the appellants for a new trial.

*By the Court.* — The order of the circuit court is affirmed, with costs.

RYAN, C. J., took no part.