Flosbach vs. Brown.

RYAN, C. J., took no part.

## FLOSBACH vs. BROWN.

*Court and jury.*

1. The court cannot properly instruct the jury in effect that there is no evidence of a certain fact, when one of the parties, as a witness in his own behalf, has testified to such fact.
2. The questions of fact in this case having been fairly submitted to the jury upon correct instructions, and the evidence being contradictory and sufficient to support a finding either way, this court affirms a judgment in accordance with the verdict, although the weight of evidence may not be in favor thereof.

APPEAL from the Circuit Court for *Manitowoc* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to recover damages for an injury sustained by the plaintiff in being bitten by a vicious horse owned by the defendant. The plaintiff claims that, at the time of receiving the injury, he was in the employ of the defendant, and was training the horse by his direction; that he was ignorant of the vicious habit of the horse; and that the plaintiff knew of the habit, and neglected to advise him of it. Upon the trial, there was no question made as to the vicious

habit of the animal, but on the part of the defendant it was claimed that the plaintiff was advised of the fact, and warned to keep away from him.   He also claimed that the plaintiff was not in any way employed by him to handle or train the horse, but, on the contrary, was directed not to have anything to do with him, and that his attempt at training the horse was a voluntary act on his part, and against the defendant's express direction.   Upon these questions the evidence was conflicting and contradictory."

The following instruction, asked by the defendant, was refused:   "There is no evidence to contradict the statement of defendant's son that plaintiff received his injury after he had been directed by said son to stop whipping the horse.   If his injury was received after he had been told by defendant's son to stop whipping the horse, he was running his own risk, and cannot recover."

Plaintiff had a verdict; a new trial was denied; and defendant appealed from a judgment on the verdict.

For the appellant, there was a brief by *Nash & Schmitz,* and oral argument by *Mr. Nash.*

For the respondent, there was a brief by *White & Forrest,* and oral argument by *Mr. Forrest.*

TAYLOR, J.   We think the learned circuit judge submitted the questions of fact fairly to the jury.   The parties appear to have been satisfied with his instructions upon all the questions submitted, and took no exceptions to any part of them.   The jury found the facts in favor of the plaintiff; and although, after a careful reading of the whole evidence as it appears in . the written bill of exceptions, we are not prepared to say that the weight of evidence is in favor of the judgment, yet there is evidence to sustain it.

The circuit judge carefully and fairly submitted the question whether the plaintiff was in the employment of the defendant, and by his direction did what he was doing at the time the injury was inflicted; and directed the jury to find for the defendant if they found that the plaintiff was not train-

ing the horse by his direction when he was injured. He also instructed the jury upon the question of contributory negligence, and directed the jury to find for the defendant if they found that the negligence or carelessness of the plaintiff contributed directly or proximately to the injury complained of; and carefully distinguished the degrees of care required of the plaintiff in the management of the horse, depending upon the fact of knowledge or want of knowledge on his part of the vicious habit of the animal.

The testimony was contradictory, and it was peculiarly the province of the jury to say which of the witnesses were entitled to credit; and their decision, as a general rule, is conclusive upon this court. All the material issues having been fairly submitted to the jury under proper instructions, we find nothing in the record which takes the case out of such rule.

There was no error in refusing the instruction asked by the defendant, and which the court refused to give. The instruction called upon the court to say to the jury, in substance, that there was no evidence that the plaintiff was acting under the direction of the defendant in doing what he did, and that therefore he was bound to obey the orders of the son of the defendant. The plaintiff had sworn that he was acting by direction of the defendant himself, and was not, therefore, under obligation to obey the directions of the son. The evidence of the warning given by the son, that the whipping of the horse had proceeded far enough, was proper upon the question of negligence on the part of the plaintiff; but under the testimony it was not conclusive against the right of the plaintiff to proceed farther in what he considered proper treatment of the horse. To make the order of the son authoritative and binding upon the defendant, so as to make his subsequent acts unlawful, the evidence should have shown conclusively that the son had the right, as against the plaintiff, to control his acts in the management of the horse.

Upon the whole case, we think the judgment of the circuit court must be affirmed.

That no unwarranted inference may be drawn from the

decision of this case, we deem it proper to say that, in our view of the record, it does not present the question whether a person employed to handle, care for and train a vicious horse, or other vicious animal, with knowledge of his vicious propensities, can in any case recover against his employer for an injury inflicted by such animal upon such person so employed, while taking care of or training such animal in the course of his employment.

*By the Court.* — The judgment of the circuit court is affirmed.

RYAN, C. J., took no part.