## Cotzhausen vs. Simon.

SPECIAL VERDICT. *(1) General rule as to its character. (2) When "wilfulness" of fraudulent misrepresentations immaterial. (3) Answer in special verdict held insufficient. (4) Material omission to answer. (5)* EXCEPTIONS *for review of findings of special verdict.*

1. In an action at law, where there is no general verdict, the material issues of fact should be passed upon by the special findings of the jury; and such findings should be so full, clear and consistent, that the proper judgment may be rendered thereon as a legal conclusion from the facts found.

2. In an action for damages accruing from defendant's fraudulent misrepresentations in the sale of a mortgage of land, where the misrepresentations were material and false, and defendant had the means of knowing, or ought to have known, that they were untrue, and plaintiff did not know, and had not the present means of knowing, their falsity, and relied upon them as true, it is immaterial whether defendant made them *willfully* or not.

3. To the question, whether defendant was aware, at the time of selling the mortgage, that plaintiff was a resident of Milwaukee and had never seen the lands, was unacquainted with their condition and value, and had no time or opportunity to examine for himself, and whether, in buying the mortgage, he relied solely upon defendant's representations, the jury answered, "He did not." *Held*, insufficient, the most material parts of the question being left unanswered.

4. One of the false representations charged was, that a certain "shrewd and wealthy banker," resident in the vicinity of the property, had taken a mortgage on the same lands as security for a considerable sum, which was the second mortgage thereon *after* that sold to plaintiff; and the question as to this representation is ignored by the findings. *Held*, a material omission.

5. Defendant's motion for judgment on the findings having been granted against objection, and plaintiff's motion for a new trial, based in part on the defects in the findings, overruled, exceptions to these rulings bring the findings before this court for review, on appeal; and the judgment is reversed for the defects in such findings.

APPEAL from the Circuit Court for *Manitowoc* County. Action for damages accruing from the defendant's fraud in a sale to plaintiff of a mortgage of land. The case is sufficiently stated in the opinion.

For the appellant, there was a brief by *Cotzhausen, Sylves-
ter & Scheiber*, and oral argument by *I. C. Sloan*.

For the respondent, there was a brief by *H. G. & W. J.
Turner*, his attorneys, with *Wm. F. Vilas*, of counsel, and
oral argument by *Mr. Vilas*.

ORTON, J. This is an action at law for damages, founded
upon the fraud of the defendant in the sale to the plaintiff of
a mortgage on certain lands in the county of Manitowoc.

The plaintiff sets up in his complaint the following repre-
sentations of the defendant, claimed to have been false and
fraudulent, and the inducement of the contract, by which he
suffered damage:

*First.* " That the mortgaged premises were of great value;
that they constituted one of the oldest and best farms in the
county; that Mr. Altman, the owner, had frequently refused
$12,000 for the same, without the distillery; that farming lands
like those could not be bought anywhere in the county at less
than from $70 to $100 per acre; that the farm without the dis-
tillery was worth from $10,000 to $12,000, and that there would
be no trouble in selling it at that figure," etc.

*Second.* " That there were no taxes unpaid on said property
beyond those of the preceding year, amounting to but forty or
fifty dollars."

*Third.* " That there were two mortgages on said premises
subsequent to his [defendant's] own; that the third one was
given for a loan or discount of twenty-five hundred dollars,
procured by Altman from one Theodore Shove, a very shrewd
and wealthy banker at Manitowoc, who would not have made
this loan if the property were not of great value in excess of
the securities; but that he [said defendant] feared, and had
reason to believe, that said Shove would try to speculate against
him by procuring the property to be sold on first mortgage for
cash, so that he would not compete; and various other consid-
erations were then urged by defendant upon this plaintiff, with

a view of making this plaintiff believe that said mortgaged premises were more than double security for all liens and incumbrances, and for the purpose of inducing this plaintiff to buy the second mortgage above referred to."

The plaintiff further alleges, substantially, that he resided in Milwaukee, distant from the mortgaged premises; that he had never seen the same, and was entirely unacquainted with the land mortgaged, and other lands in the vicinity, and their value; that he was an old friend of the defendant, and had confidence in his integrity and sympathy for his financial embarrassments, and relied upon the representations so made, and was induced thereby to purchase said mortgage.

These representations are denied in the answer; and the testimony of the plaintiff tended to prove that they were so made, and that of the defendant, that they were not.

As there was no general verdict asked for or rendered, these material issues of fact should have been passed upon by the jury, and their special findings should have been so full, clear and consistent, that the proper judgment could have been rendered thereon as a legal conclusion from the facts so found. *Everit v. Walworth County Bank*, 13 Wis., 419.

It is to be regretted that, in a case of so much importance and so fully and ably tried, the findings are so defective, imperfect and irrelevant.

The very first finding is uncertain and evasive of the real issue. It embraces all of the representations referred to in the complaint, and leaves it uncertain whether they were made or not; but the inference by construction would seem to be that they were made, but not *willfully* made. This qualification of the representations, so made essential by the finding, was immaterial to the plaintiff's right of recovery. The finding is: "First question: Did the defendant, in May, 1875, *willfully*, for the purpose of inducing the plaintiff to buy the mortgage, make the representations referred to in the complaint, or representations substantially to that effect? An-

swer: He did not." In case of fraud by misrepresentations, the defrauded party may rescind the contract *in toto*, and restore what he has obtained by it, or he may retain the property and sue for the damages he has sustained by reason of the fraud. *Grant v. Law*, 29 Wis., 99. In this case, if the representations were material and false, and the defendant knew, or had the means of knowing, or ought to have known, that they were untrue, and the plaintiff did not know, or have the present means of knowing, that they were false, and relied upon them as being true, and suffered damage thereby, it is immaterial whether the defendant made the representations *willfully* or *intentionally*, or not; for he had no right to make even a mistake in facts so material to the contract, except under the penalty of responding in damages; and in the application of this principle there is no difference between actions at law for damages and suits in equity to rescind or set aside the contract. *Bird v. Kleiner*, 41 Wis., 134. It is true, in other findings, the making of the representations in respect to the value of the premises, both in gross and per acre, are specifically negatived, and the thirteenth finding in respect to the representation of the amount of the unpaid taxes upon the premises, is in the affirmative; but the above qualification — that the representations referred to in the complaint (of which this of the unpaid taxes was one) were not *willfully* made — might, by construction, qualify the thirteenth finding also.

The undisputed evidence was, that such unpaid taxes were one hundred and thirty-six dollars and over, instead of forty or fifty dollars, and for two years instead of one, and to this extent the representation was untrue, and the plaintiff was compelled to pay this excess, and thereby suffered damage to that amount and interest; and for such sum, at least, the plaintiff was entitled to judgment on this finding, if this qualification of *willfulness* and intentional fraud had been discarded, as it should have been.

The most material part of the question in the second find-
ing is left unanswered.

" Second question.   Was the defendant aware at the time of
the selling of the mortgage, that *Cotzhausen* was a resident of
Milwaukee, and had never seen the lands; that he was unac-
quainted with their condition and value, and had no time or
opportunity to examine for himself; and did the plaintiff, in
buying this mortgage, solely act and rely upon the statements
and representations of the defendant, *Simon?* "   Answer.
" He did not."

The facts embraced in this question are not found one way
or the other, and they were very material to show whether the
plaintiff knew, or had the present means of knowing, the
truth or falsity of the representations, and whether he did or
did not rely upon them.   The general conclusion to be drawn
from these facts, if true, might well be, that he did solely act
and rely upon the representations, while the jury find that he
did not, and ignore the facts altogether; a most material
omission.

The second representation stated in the complaint, in re-
spect to the third mortgage on the premises, executed to
one Shove, a shrewd and wealthy banker of Manitowoc, for a
loan or discount of the sum of twenty-five hundred dollars,
by which the plaintiff claims the defendant represented the
premises to be worth more than double the amount of all the
securities and incumbrances upon the property, is also entirely
ignored by the findings.

This representation, embracing the judgment and opinion
of a gentleman so shrewd and wealthy, resident in the county
where the land is situated, and presumably acquainted with
its value, of such value, indicated by his willingness to
invest and loan so large an amount of money upon a third
or fourth mortgage upon the premises, might have reason-
ably been a very material inducement to the plaintiff to
purchase the second mortgage; and yet we are left in ignor-

ance whether it was so made, and, if so made, whether it was true or false.

There are several irrelevant and immaterial findings which need not be noticed.

The motion of the defendant for judgment upon the findings was granted against the objection and exception of the plaintiff; and the plaintiff's motion for a new trial, based in part upon the defects of the findings, was overruled; and thereby the exceptions are sufficient to raise the objections to the findings above considered. The deficiencies and imperfections of the findings are so apparent and material, that no judgment could be intelligently rendered upon them, which would dispose of all the issues in the case; and we therefore think there should be a new trial.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause remanded for a new trial.