LEE, Appellant, vs. BIELEFELD and wife, Respondents.

*January 11—February 7, 1922.*

*Fraud: Misrepresentations as to ·boundaries of land: Liability of*
*vendor: Measure of damages: Improvements made on land*
*of another: Removal.*

1. When a vendor undertakes to point out to a purchaser a lot
   he is selling he is bound to do so correctly; and when the
   purchaser is ignorant of its location he has the right to rely
   on the positive statement of the vendor and to hold him re-
   sponsible whether the false representation was intended or
   not.
2. The liability of the vendor does not depend ˙on his negligence
   or intent, the injury to the vendee being the same whether
   the false representation is made in good faith or recklessly
   with intent to defraud; and in this case it is *held* that under
   the circumstances the vendee was not negligent in failing to
   have a survey of the lot made.
3. The usual measure of damages in cases of false representa-
   tion as to the identity of land sold is the difference between
   the value of the land pointed out and that of the land con-
   veyed; but such rule does not apply as against a vendor who
   pointed out a lot which he did not own and upon which the
   plaintiff vendee, assuming that he had purchased it, con-
   structed improvements, which he was not permitted to re-
   move; and the vendee was entitled to such damages as were
   the natural and proximate result of the misrepresentations
   of the vendor.
4. A barn and foundation for a house constructed upon the lot
   of another by mistake could not be removed without the con-
   sent of the owner of such lot.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

Action on false representations in the sale of a lot in Milwaukee county. The complaint alleged that defendants offered to sell plaintiff a certain lot; that they showed plaintiff and pointed out to him the boundaries of this lot; that thereafter a land contract was entered into which defendants represented as describing the lot previously pointed out; that plaintiff, relying on such representations, expended money and labor in building a house and barn upon such lot; and that by reason of the false representations and the fact that the lot so pointed out was the property of another, plaintiff lost the benefits of the money and labor so expended and suffered loss in the sum of $2,500.

Defendants admitted the sale of a lot, but denied that the boundaries of any lot were pointed out, and alleged that plaintiff took possession of the lot described in the contract.

It appears that defendant *Charles Bielefeld* owned lot No. 16 in a certain addition, and that he executed a land contract properly describing this lot; and that plaintiff built a barn and the foundation for a house on lot 17, the adjoining property. The contract was executed in October, 1916. Plaintiff began building late in 1917, and after the completion of the barn and the foundation for a house was notified by defendant to stop work as he was on the wrong lot. Plaintiff began this suit in October, 1918. In January, 1920, the owner of lot 17 notified plaintiff that the structures should not be removed or disturbed.

Plaintiff introduced testimony tending to show that defendant *Charles Bielefeld* personally pointed out the lot built on; that there was a "For Sale" sign bearing defendant's name on this lot; and that the labor and materials expended were of the value of $1,100.

Defendant and his witnesses testified that the structures were not firmly fixed to the ground and could be moved easily, and that they did not exceed in value $400.

Lee v. Bielefeld, 176 Wis. 225.

In a special verdict the jury found, in substance, that defendant *Charles Bielefeld* represented to plaintiff that lot 17 was the one to be sold; that defendant did not know that such representation was false; that plaintiff relied on such representations and was induced thereby to expend money and labor on lot 17; and that the damage sustained was $720.

Defendant moved for judgment notwithstanding the verdict. The motion was granted with costs against the plaintiff.

For the appellant there was a brief by *Glicksman, Gold & Corrigan*, attorneys, and *M. K. Whyte,* of counsel, all of Milwaukee, and oral argument by *Walter D. Corrigan.*

*John Sander* of Milwaukee, for the respondents.

JONES, J.    It has long been the settled law in this state that when a vendor undertakes to point out or state to a purchaser the boundaries or situation of the property he is selling, he is bound to do so correctly; and when the purchaser is ignorant of the location, he has the right to rely on the positive statement of the vendor and to hold him responsible whether the false representation was intended or not. .*Bird v. Kleiner,* 41 Wis. 134; *Cotzhausen v. Simon,* 47 Wis. 103, 1 N. W. 473; *Gunther v. Ullrich,* 82 Wis. 222, 52 N. W. 88; *Castenholz v. Heller,* 82 Wis. 30, 51 N. W. 432; *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406; *Knudson v. George,* 157 Wis. 520, 147 N. W. 1003.

In the present case the special verdict was agreed to by both parties. Defendants made no request for a finding whether the representation was recklessly made or whether the plaintiff by the exercise of ordinary care could have ascertained the true location of the lot conveyed. These were issues which the trial court deemed necessary to be decided, and under sec. 2858*m,* Stats., resolved them both in defendants' favor. The cases already cited show that the court was in error in failing to observe the rule that liability for an untrue representation of this character

does not depend on the negligence or intent of the vendor. The injury to the buyer is the same whether the false representation is made in good faith or whether it is made recklessly or with intent to defraud.

As to the other issue on which the court made his special finding, we consider that the decision was not warranted by the evidence. The lots were vacant land similar in appearance, without fences or other boundary marks. On the lot pointed out to the plaintiff was the "For Sale" sign. It was settled by the finding of the jury that the untrue statement as to boundaries did not consist of a mistake as to a few inches or a few feet, but that the wrong lot was pointed out.

In the decision the trial court expressed the belief that plaintiff should have caused a survey to be made and that his failure to obtain it was negligence which should defeat a recovery. In *Castenholz v. Heller*, 82 Wis. 30, 51 N. W. 432, the buyer was furnished an abstract of title containing a plat of the land sold him. If he had carefully compared the plat with the description given him he would have discovered the mistake. Although the plaintiff in that case testified that he did not observe the size or boundary of the lot on the plat, the jury found that he had used ordinary care, and this court held that the finding was warranted by the facts. In the instant case the plaintiff had no source of information except the statements of the defendant and he had the right to rely on them.

In our opinion the view of the court that, under the circumstances, plaintiff should have procured a survey, is neither required by the authorities nor consonant with common usage.

The trial judge expressed the view that the damages found by the jury were excessive. In cases of false representations as to the identity of the land sold, the usual measure of damages is the difference between the value of the land pointed out and that of the land conveyed. Obviously

such a rule would afford no compensation in this case because there was practically no difference in the value of the two lots. The natural inference is that when plaintiff bought the small lot he intended to erect improvements upon it. He did so before discovering the mistake.

He had no right to remove the structures except with the consent of the real owner of the lot:

"The mere fact that the fence in question was built by the plaintiff upon lands not his own, by mistake, did not prevent its becoming a fixture to the real estate as soon as it became attached to the soil." *Kimball v. Adams,* 52 Wis. 554, 556, 9 N. W. 170; *Huebschmann v. McHenry,* 29 Wis. 655.

No such consent was ever given until under the stress of the trial, and then was given grudgingly and with conditions plaintiff was not bound to accept.

It is only just that defendant should be charged with such damages as are the natural and proximate result of his misrepresentations. 39 Cyc. 1639; 27 Ruling Case Law, "Vendor and Purchaser," p. 386; *Lawson v. Vernon,* 38 Wash. 422, 80 Pac. 559.

When the defendant learned of the mistake which he had made he manifested no concern, and cannot now complain if he is required to make compensation for plaintiff's loss. The jury found that loss to be $720, and there was testimony on which a greater sum could have been awarded. It is our conclusion that the plaintiff is entitled to judgment and that the finding of the trial court should be set aside.

*By the Court.*—Judgment reversed, and cause remanded with direction that judgment be entered for the plaintiff on the verdict.