## WEINGARTEN v HRICKA

Ohio Appeals, 7th Dist, Mahoning Co

Decided Dec 21, 1934

Paul McCracken, Youngstown, and John B. Morgan, Youngstown, for plaintiff.

J. Eugene Roberts, Youngstown, for defendants.

SHERICK and MONTGOMERY, JJ, (5th Dist) sitting by designation.

## OPINION

**By MONTGOMERY, J.**

Defendants contend that the decree of the lower court was erroneous, and that the plaintiff is not entitled to the remedy sought and accorded to him by that court, because the same constitutes a taking of their private property for private purposes against their consent, and concerning the alternative suggested election they object to being forced to buy other property not of their choosing. There is some merit in their contention. It seems to us that another alternative should be accorded the defendants in the way of an election, to-wit, that they permit the plaintiff to remove from their property the improvements placed thereon by him, conditioned, however, upon his placing the lot in substantially the condition in which it was at the time he took possession of it and erected these improvements.

It was held in the case of Lee v Bielefield, 176 Wis., 225, reported also in 186 NW, 587, that a barn and foundation for a house constructed upon the lot of another, by mistake, could not be removed without the consent of the owner of such lot. The reason for such a holding is apparent, because these buildings, permanent in their character, are fixtures. However, it seems to us that if the defendants insist upon the proposition that they want their property, and not some other property, and object to being forced to sell their property, even under these conditions, that they should accord to the plaintiff the right to remove from their property the improvements placed thereon by him in good faith and under mistake as to his title. We can not sanction the claim that they may hold these improvements without any reimbursement to plaintiff.

It is therefore the order, judgment and decree, of this court, that the defendants be given until January 10th, 1935, to make an election, to-wit: whether they will permit the plaintiff to remove from their property all of the improvements made by him thereon, he in turn to restore the lot to substantially the condition in which it was found at the time he made the improvements; whether they will exchange lots by good and sufficient deed with the plaintiff upon his paying to them the sum of $200.00; whether they will convey to him by good and sufficient title their lot upon the payment by him of the sum of $850.00; the latter two of these suggested elections being subject to the same provision as to taxes and assessments fixed by the Common Pleas Court; or whether they will pay for the improvements made by plaintiff at a reasonable value to be fixed by the court. If the defendants shall elect to proceed in any of these suggested elections, on or before January 10th, 1935 an entry may be drawn accordingly, and if they shall not so elect on or before said date, then at that time there may be a decree ordering and directing them to convey their real estate to the plaintiff, upon the terms hereinbefore stated, and upon the payment by him of the sum of $850.00, to them or to the Clerk of the Court, and in default thereof, that the decree of the court act in lieu of conveyance.

If the said defendants shall elect to purchase and pay for the improvements placed upon their land by the plaintiff, then the decree to that effect may also remand the cause to the Court of Common Pleas to hear' and determine the value of said improvements.

In this court as well as in the Court of Common Pleas, costs are taxes against the plaintiff.

Motion for new trial, if filed, will be overruled. Exceptions may be noted.

SHERICK, J, concurs.