## BIRD vs. KLEINER.

VENDOR AND PURCHASER. *Mistake as to the land conveyed. Legal and equitable remedies of purchaser.*

1. Where, in a negotiation for the sale of land, the vendor points out to the vendee, as the subject of the proposed sale, land belonging to another person, and the vendee accepts a deed of land belonging to the vendor, supposing it to be the land so pointed out, the vendee may recover damages resulting from the misrepresentation, without proof of any fraudulent intent therein.

[2. *It seems* that equity would cancel the deed in such a case, at the suit of the vendee.]

[3. *It seems* that an action at law for the damages in such a case does not involve the question of title to land.]

APPEAL from the Circuit Court for *Dane* County.

This action was commenced in justice's court. The complaint alleges in substance, " that in January, 1870, the plaintiff received of the defendant a conveyance of certain premises therein described, for a consideration expressed in the instrument; that, prior to the delivery of the deed, the plaintiff and defendant went upon the land which the defendant claimed he wished to sell, and the defendant there showed him the corners and boundaries of the lot; that, when the deed was delivered, the defendant represented that it was a conveyance of the lot previously pointed out; that the plaintiff, relying upon this representation, accepted the deed and took possession of the lot shown him, and cut a large amount of wood thereon; that he afterwards ascertained that the land described in the deed was not the lot shown him, but is one of much less value. He seeks to recover the difference in value between the lot shown him, and which he supposed he was purchasing, and the one conveyed." *

---

* This statement of the substance of the complaint is transferred from the opinion of Mr. Justice COLE herein, as originally prepared.

Bird vs. Kleiner.

Plaintiff having obtained a verdict and judgment, defendant appealed to the circuit court. When the cause was called for trial in that court, before any evidence was offered, defendant objected to the introduction of testimony under the complaint, on the grounds that it did not state a cause of action, and that it appeared therefrom that the justice had no jurisdiction to try and determine the action. The objections were overruled; and, upon a trial of the cause, a verdict was rendered for the plaintiff; and, a new trial having been denied, a judgment was entered in his favor, from which the defendant appealed.

The instructions given and those refused by the court will sufficiently appear from the opinion.

The cause was submitted for the appellant on a brief signed by *H. M. & H. A. Lewis* and *C. K. Tenney*. They argued, 1. That it appeared by the plaintiff's own showing, that the title to lands was in question, and his claim as to such title was disputed by the defendant; and thereupon it became the duty of the justice to dismiss the cause. In such a case the statute does not require of the defendant to tender a bond; nor would his consent to go to trial confer jurisdiction upon the justice. Tay. Stats., 1365, § 62; *Mathie v. McIntosh*, 40 Wis., 120; *Kreuger v. Zirbel*, 2 id., 233; *Bickford v. Page*, 2 Mass., 455–462; *Goddard v. McKean*, 6 Watts, 337; *Main v. Cooper*, 25 N. Y., 180; *Rhoades v. Patrick*, 27 Pa. St., 323–4. 2. That the court erred in refusing to instruct the jury that plaintiff was not entitled to a verdict unless he should establish to their satisfaction the fact that a *fraud* had been intentionally perpetrated upon him by the defendant, in showing him one piece of land and inserting in the deed the description of another. *Kimmans v. Chandler*, 13 Iowa, 327; *Meyer v. Amidon*, 45 N. Y., 169; *Oberlander v. Spiess*, id., 175; *Champion v. White*, 5 Cow., 509, 510; *Franchot v. Leach*, id., 506; *Moss v. Riddle*, 5 Cranch, 351; *Monell v. Colden*, 13 Johns., 395; *Dorr v. Munsell*, id., 430; *Taylor v. King*, 6 Munf., 358. In the sale of real estate, the rule of *caveat emp-*

*tor*, applies as to quality, quantity and description.   This land was susceptible of survey, and of an accurate description; and adjoining owners and residents could have informed plaintiff as to the description, and what land was owned by defendant. *Saunders v. Hatterman*, 2 Ired. Law, 32; *Lytle v. Bird*, 3 Jones' Law, 222; *Credle v. Swindell*, 63 N. C., 305; *Collier v. Harkness*, 26 Ga., 362.   "A cause of action based on fraud in the execution of a written instrument is distinct from that founded on mistake merely." *Ross v. Mather*, 51 N. Y., 108; *Dudley v. Scranton*, 57 id., 424.   If the case was one of mistake only, plaintiff's remedy was in a court of equity, and first by seeking to have the deed reformed, etc.   *Hogan v. Smith*, 16 Ala., 600; *Smith v. Robertson*, 23 id., 312; *Kennedy v. Kennedy*, 2 id., 571; *Long v. Hartwell*, 34 N. J. Law, 116–128; *Parker v. Benjamin*, 53 Ill., 255; *McCloskey v. McCormick*, 37 id., 66–72; 1 Gilm., 599; *Peck v. Woodbridge*, 3 Day, 30; *Beard v. Hubble*, 9 Gill, 420; *Nevius v. Dunlap*, 33 N. Y., 676; *Howes v. Barker*, 3 Johns., 506; *Maigley v. Hauer*, 7 id., 341; *Fitzhugh v. Runyan*, 8 id., 375; *Champion v. White*, *supra; Emmons, Adm'r, v. Stahlnecker*, 11 Pa. St., 366; *United States v. Munroe*, 5 Mason, 575–8; *Wells v. Ogden*, 30 Wis., 637; *Harter v. Christoph*, 32 id., 245.

*Burr W. Jones*, for the respondent, contended, 1. That the representations made by the defendant were material, were made deliberately, were relied upon, and were the sole inducement to the purchase; that they were made in respect to a matter about which the plaintiff had no knowledge, and in a case where it was not negligence for him to rely upon them, and where a duty was imposed upon the defendant to make statements which he knew to be true, or none at all; that they were representations from which defendant, acting either in fraud or in wanton recklessness, reaped a benefit, and from which plaintiff, acting in perfect good faith, suffered an injury; and that, according to the later and better considered decisions, the vendor in such a case must respond in damages,

whether his misrepresentations were intentionally fraudulent or not. *Cowger v. Gordon*, 4 Blackf., 110; *McFerran v. Taylor*, 3 Cranch, 270; *Bennett v. Judson*, 21 N. Y., 240; *Belknap v. Sealey*, 14 id., 143; *Whitney v. Allaire*, 1 Coms., 305; *Hutcheon v. Johnson*, 33 Barb., 392; *Hammond v. Pennock*, 5 Lans., 358; *Spurr v. Benedict*, 99 Mass., 463; *Kyle v. Kavanagh*, 103 id., 356; *Woodruff v. Thorne*, 49 Ill., 88; *East v. Matheney*, 1 Marsh., 192; *Wade v. Thurman*, 2 Bibb, 583; *Lewis v. McLemore*, 10 Yerg., 206; *Myers v. Estell*, 47 Miss., 4; *Munroe v. Pritchett*, 16 Ala., 785; *Miner v. Medbury*, 6 Wis., 295; 1 Story's Eq. Jur., 193; Kerr on Fraud, etc. (Perkins' ed.), 69.   2. That there was no question of title to land involved; and certainly it did not appear from plaintiff's own showing that such a question was involved, and defendant waived the right to make the objection by neglecting to give the proper notice and bond. *Kreuger v. Zirbel*, 2 Wis., 233; *Nichols v. Bain*, 42 Barb., 353; *Bellows v. Sackett*, 15 id., 96; *Browne v. Scofield*, 8 id., 239; 27 How. Pr., 286; *Koon v. Mazuzan*, 6 Hill, 44; *Nixon v. Jenkins*, 1 Hilt., 318; *Main v. Cooper*, 25 N. Y., 180; *Norristown etc. Turnpike Co. v. Burket*, 26 Ind., 58; *Stout v. Keyes*, 2 Doug. (Mich.), 184; *Heritage v. Wilfong*, 58 Pa. St., 137; *Wood v. Prescott*, 2 Mass., 174; *Whitman v. Pownal*, 19 Vt., 223; *Haven v. Needham*, 20 id., 183; *Jakeway v. Barrett*, 38 id., 316.

COLE, J.   The complaint is very inartificially drawn, and it is not entirely clear whether the pleader intended to count upon fraud, or upon a mistake and breach of warranty. · On the trial, however, the defendant claimed, and requested the court so to charge, that unless the evidence proved that fraud had been intentionally practiced on the plaintiff by the defendant, by showing one piece of land as the subject of sale, and then inserting the description of a different tract in the deed, there could be no recovery.   In other words, unless there was, on the part of the defendant, an intention to defraud or cheat, he

was not bound to make compensation for any damages which the plaintiff had sustained in failing to obtain the land which he supposed he was purchasing. The court refused to give the instruction, but told the jury, in substance, that if they found that the defendant showed the plaintiff a lot belonging to a third person, as the one about which they were negotiating, and which was to be conveyed, and if the plaintiff, relying upon the defendant's statements, supposed he was obtaining the lot pointed out, then the defendant was liable, whether he knowingly or by mistake showed the wrong lot. The material question for our consideration arises upon the refusal to give the instruction asked, and as to the correctness of the proposition given.

There can be no doubt that a court of equity would rescind a contract and set aside a conveyance on the ground of mistake merely, when the vendor has undertaken to sell something which he did not own, and the land embraced in the deed, though owned by him, is not that which the vendee intended to purchase. That is a familiar head of equity jurisdiction. But the cases are not so frequent where an action at law has been brought to recover damages for such a mistake or constructive fraud. On principle, it is difficult to see why the legal remedy does not exist. The counsel for the plaintiff claims that an action at law is maintainable, and he insists that where a vendor undertakes to point out to the purchaser the boundaries of his land, he is under obligation to point them out correctly, and has no right to make a mistake, except under the penalty of responding in damages. This position seems founded in reason and justice, and we are inclined to think that it is sustained by authority. In the case of *Bennett v. Judson*, 21 N. Y., 238, it was held that the vendor of land was responsible for material misrepresentations in respect to its location and qualities made by his agent, without express authority and in the absence of any actual knowledge by either the agent or the principal whether the representations

were true or false. It is true the action in that case was founded on the fraud; but it was not claimed that any actual fraud was shown. And the question of law, as stated by Comstock, C. J., was, whether the representations could be deemed fraudulent unless known to be false, and the point was ruled in the affirmative. Now, while the gravamen in this action is not fraud and deceit in pointing out the boundaries of the lot, yet does this constitute any legal objection to the defendant's being held liable for the consequences of his mistake? It seems to us not.

The objection is taken, that the justice had no jurisdiction to try the cause, because the title to land was involved. We are unable to see how title was involved; but if it was, it is certain that the defendant did not take the steps necessary under the statute to have the benefit of the objection. *State v. Huck*, 29 Wis., 202.

*By the Court.* — The judgment of the circuit court is affirmed.