Davis, Appellant, vs. Nuzum, Respondent.

*October 9 — November 8, 1888.*

*False representations made in good faith: Sale of land.*

Plaintiff called upon defendant with a view of purchasing from him a certain tract of land, and asked him where the lines of such tract were. Defendant pointed to fences which were in view on what appeared to be the north and west lines of the tract, and represented that they were on said lines. Plaintiff purchased the land, relying upon such representation, which afterwards turned out to be false. *Held,* that the defendant was answerable in dam-

72  439
73  45
72  439
80  560
72  439
82  34
82  228
72        439
s  1 LRA  774
28 LRA 753n
56 LRA 939n
72        439
116       335

ages, even though he honestly believed the representation to be true and had no intent to deceive or defraud the plaintiff in making it. TAYLOR, J., dissents.

APPEAL from the Circuit Court for *Vernon* County.

Action to recover damages for a false representation made by the defendant. The facts will sufficiently appear from the opinions. The plaintiff appeals from a judgment in favor of the defendant.

The cause was submitted for the appellant on the brief of *Butt & Graves*, and for the respondent on that of *O. B. Wyman*.

For the appellant it was argued, among other things, that an action will lie for innocent misrepresentation of a material fact, and the fact that the defendant made the representation without knowing whether it was true or false is wholly immaterial. 1 Story's Eq. Jur. sec. 193; Willard's Eq. 149, 150; 3 Wait's Act. & Def. 436; *Bennett v. Judson*, 21 N. Y. 238; *Belknap v. Sealey*, 14 id. 143; *Starkweather v. Benjamin*, 32 Mich. 305; *Baughman v. Gould*, 45 id. 481; *Webster v. Bailey*, 31 id. 36; *Steinbach v. Hill*, 25 id. 78; *Litchfield v. Hutchinson*, 117 Mass. 195; *Twitchell v. Bridge*, 42 Vt. 68; *Munroe v. Pritchett*, 16 Ala. 785; *Alvarez v. Brannan*, 7 Cal. 504; *Ayre's Case*, 25 Beav. 522; *Bacon v. Bronson*, 7 Johns. Ch. 194; Kerr on Fraud and Mistake, 69. A person may render himself liable to an action for fraud by stating his mere belief as *knowledge*. *Cabot v. Christie*, 42 Vt. 121; *Stone v. Covell*, 29 Mich. 359; *Litchfield v. Hutchinson*, 117 Mass. 195. It is enough if the representations materially influence the conduct of the plaintiff, though they were not the sole or predominant inducement. *Matthews v. Bliss*, 22 Pick. 48; *Safford v. Grout*, 120 Mass. 20; *Lebbey v. Ahrens*, 26 S. C. 275.

Counsel for the respondent cited *Smith v. Mariner*, 5 Wis. 551; *Stitt v. Little*, 63 N. Y. 427; *Cowley v. Smyth*, 46 N. J.

Law, 380; *Schwabacker v. Riddle*, 99 Ill. 343; *Walsh v. Morse*, 80 Mo. 568; *Tucker v. White*, 125 Mass. 344; *Cox v. Highley*, 100 Pa. St. 249; *Page v. Bent*, 2 Met. 371; *Haycraft v. Creasy*, 2 East, 92; *Lord v. Colley*, 6 N. H. 99; *Moss v. Riddle*, 5 Cranch, 351; *Fenwick v. Grimes*, 5 Cranch C. C. 439; *Cazeaux v. Mali*, 25 Barb. 578; *Barber v. Morgan*, 51 id. 116.

ORTON, J. The only facts which need be stated are such as appeared by the testimony on behalf of the plaintiff, and they are briefly as follows: The defendant purchased of one Joshua Selby the north half of a quarter section of land according to government survey, and agreed to pay therefor $1,200 in different payments thereafter (but the whole of which might be paid at any time before due), and on such payment he was to receive a deed, and he immediately went into possession. Afterwards the plaintiff called upon the defendant with a view of purchasing the said land, and asked him where the lines of said tract were, and the defendant pointed to the fences which were in view on what appeared to be the north and west lines of said tract, and represented to her that said fences were on said lines. The plaintiff was ignorant of the true lines, and never heard that they were at all in dispute. Relying upon said representation the plaintiff then and there purchased said land of the defendant in consideration of her assuming the payment of said $1,200 to said Selby and receiving an assignment of said contract, and of the payment of other $1,200 in addition thereto to the defendant, which latter sum was then and there paid, and said contract was duly assigned to her and she went into possession and afterwards paid to the said Selby what was due on said contract, and received from him a deed of said premises. About two years afterwards the plaintiff first heard that there was some question about the said fences being on the true lines, and some

time afterwards the owner of the lands adjacent to said north and west lines of said premises, one Joshua S. Groves, brought against her an action of ejectment to recover the strips of land lying between the said north and west fences and the true lines thereof, and it was found in said action that the true north line of said premises was about twenty-one rods south of said north fence and the true west line thereof was about fifteen rods east of said west fence, and the plaintiff in said action recovered said strips of land of the plaintiff herein, and she was dispossessed thereof. The plaintiff notified the defendant of said action, and he requested her to defend the same and promised to indemnify her for the expenses thereof, which amounted to over $200. The two strips of land thus recovered by the correction of the true lines were of better quality and more valuable than corresponding strips of land on the south and east which she obtained by such correction. The plaintiff testified that she would not have purchased said land had she known the true lines thereof and that said fences were not on the same, and that she relied solely on the truth of said representations in making said purchase. This suit is brought to recover her damages resulting therefrom.

The circuit court, at the conclusion of the testimony, submitted to the jury the question of damages, and they found for the plaintiff the sum of $100, but the court reserved the question of the plaintiff's legal right to recover on the above facts, and finally, on motion of the defendant, set aside said verdict and rendered judgment in his favor for costs. What were the reasons for this action of the court, and for deciding against the plaintiff's right of recovery, we are not advised by the record, and can only suppose what they may have been, from the contention of the learned counsel of the respondent in his brief on this appeal. That contention is, that the defendant is not answerable in damages, provided he believed the representation to be true and had no

intention to deceive, and that a false representation, although material, made without a fraudulent intent, will not support the action. The evidence does not show but that the defendant honestly believed his representation to be true, or any intent to deceive or defraud the plaintiff in making it.

This contention of the learned counsel is not the law. This question is well settled in this state in *Bird v. Kleiner*, 41 Wis. 134, and in *Cotzhausen v. Simon*, 47 Wis. 103. The first of the above cases is almost precisely in point. The parties to the purchase were on the land and the defendant pointed out the corners and the boundaries as the true lines and they were found not to be so, to the damage of the plaintiff, and the plaintiff recovered. One of the errors assigned for the reversal of the judgment was " that the court refused to instruct the jury that the plaintiff was not entitled to a verdict unless he should establish to their satisfaction the fact that a fraud had been *intentionally* perpetrated upon him by the defendant." The judgment was affirmed, the present chief justice stating the law as follows: " Where a vendor undertakes to point out to the purchaser the boundaries of his land, he is under obligation to point them out correctly, and has no right to make a mistake, except under the penalty of responding in damages," citing *Bennett v. Judson*, 21 N. Y. 238. The counsel of the respondent in that case cited numerous authorities, and the counsel of the appellant in this case cites many outside of this state in support of this doctrine, to which reference may be had. In the other of the above cases, it is said in the opinion: " If the representations were material and false, and the defendant knew or had the means of knowing or ought to have known that they were untrue, and the plaintiff did not know or have the present means of knowing that they were false, and relied upon them as being true, and

suffered damage thereby, it is immaterial whether the defendant made the representations *wilfully or fraudulently*, or not, for he had no right to make even a mistake in fact so material to the contract, except under the penalty of responding in damages." There can be no doubt or chance for mistake as to this doctrine in this state. The representation, according to the testimony of the plaintiff and in her behalf, was absolute and unqualified, and this must be accepted as the evidence, where the question of what the representation was is taken from the jury and decided by the court. Having submitted to the jury only the amount of damages, the court reserved the question as to what the representation was, as well as that of the plaintiff's right to recover, and both of these questions ought to have been decided, according to the evidence, in favor of the plaintiff. It follows, therefore, that the court erred as to the law applicable to such a case.

The defendant testified, that he said to the plaintiff "these are the lines I got from Selby." But on cross-examination he testified that *that* was the impression he tried to give the plaintiff, but that he did not know that he worded it that way or not." The learned judge stated to the counsel that "the only question in controversy is the amount of damages; the only question in which there is any conflict of testimony." I presume, therefore, that the court found that the plaintiff had testified correctly as to what the representation was, or that it was not disputed. This then being established as a fact, the court should have rendered judgment for the plaintiff on the undisputed evidence, and there would seem to be no good reason for a new trial upon this question or the amount of the damages. But we will leave it optional with the defendant to consent to a judgment in favor of the plaintiff of $100 and costs on the verdict of the jury, or have a new trial ordered.

Taylor, J. This action was brought by the appellant, against the respondent, for the purpose of recovering damages for an alleged false statement made by the defendant to the plaintiff during a negotiation between the parties as to the sale of a land contract held by the defendant upon a certain eighty acres of land. The sale was perfected by an assignment of the contract held by the defendant to the plaintiff, and she entered into possession of the lands described in the contract; and there is no claim that she has not obtained the land described in the contract. It is claimed by the plaintiff that the defendant made a false statement concerning the boundaries of the land he proposed to sell to her.

The material allegations in the complaint are as follows: "The plaintiff further alleges and shows to the court, that the defendant did, *as and for an inducement and to procure the assignment of said contract and the payment of the said $1,200 to the defendant, falsely represented to this plaintiff*" that certain fences then in existence were the west and north lines of said eighty acres, and that they were pointed out to her by the defendant as the true lines; and then alleges that said fences were not on the true lines of the eighty acres according to the government survey, and further alleges that the fence pointed out as the west line was fifteen rods west of the true line, and the north fence was about twenty-one rods north of the true north line. And further alleges that the twenty-one rods of land north of the real line and fifteen rods west of the real line were of great value, and much more valuable than the lands she obtained in lieu thereof on the east and south lines of said eighty acres. The complaint also alleges that she relied upon the defendant's statements concerning the lines.

The plaintiff herself testified as follows, in regard to the alleged false representations: "I was looking for a farm to buy and I drove up there in a sleigh, my husband, my father,

and myself. We sat in the sleigh in front of the house, and he came out to the road, and I asked him if he wanted to sell his property, and he said he would. I asked him his price, and he told me. I asked him where the lines were; he showed me the fences and he said these were the lines. I told him I would take the property. There was a fence all around the eighty acres, except a little in the northeast corner." There was snow on the ground, and it does not appear that the plaintiff had ever examined the land before this interview in the road.

It appears to me that a simple representation as to the boundaries of a governmental subdivision of a section which the party is about to sell, made to the purchaser, when made in good faith from a knowledge of facts which he supposed to exist, when not purposely made as an inducement to the purchaser to make the purchase, furnishes no ground of action in favor of the purchaser, if such representation turns out to be untrue.

The attorneys for the plaintiff in the case recognized the necessity of alleging, and did allege in the complaint, that the untrue representation was made for the purpose of inducing the plaintiff to purchase the land, as well as that she was influenced to purchase by reason of such representation. This rule is clearly stated by the court in the case of *Litchfield v. Hutchinson*, 117 Mass. 195–197. In that case the court say: "To sustain such an action it is necessary for the plaintiff to prove that the defendant made false representations which were material, *with a view to induce the purchase.* But it is not always necessary to prove that the defendant knew the facts stated by him to be false. If he states, as of his own knowledge, *material facts susceptible of knowledge* which are false, it is a fraud which renders him liable to the party who relies and acts upon the statement as true, and it is no defense that he believed the facts to be true. The falsity

and fraud consist in representing that he knows the facts to be true of his own knowledge when he has not such knowledge." In a case of this kind, the fraud consists not merely in making the statement which turns out not to be true in fact, though believed to be true by the party making it, but in making such false statement for the purpose of inducing the opposite party to make a purchase or enter into some other contract with the party making the representation. See also *Barber v. Morgan*, 51 Barb. 116, 132, 133. ,

Upon the evidence in this case, it seems to me there is nothing which tends to prove that the statement made as to the fences was made for the purpose of inducing the plaintiff to purchase his contract for the land. The evidence on the part of the plaintiff clearly shows that the defendant was not seeking to sell his interest in the land to the plaintiff, or that he ever at any time had requested her to purchase it; she seeks him out for the purpose of purchasing; she simply asks him if he will sell, and he says he will; she asks the price, and he gives it; she then in a casual way asks him where the lines are, and he points them out as he believes they are, and she says she will buy. She had made no examination so as to know that the lines as pointed out would be more beneficial to her than if they were moved farther south and farther east, and the defendant could not know from what she said or did that she deemed the exact location of the lines as material, but if she did, he certainly did not make his statement in regard to the location of the lines with a view to induce her to buy the land. He pointed out the fences as the lines in answer to her question, and not for the purpose of making a trade. The law does not presume a fraud, but it must be proved either by direct or circumstantial evidence, and I think the evidence in this case fails entirely to establish any fraudulent intent on the part of the defendant. The defendant

volunteered no statement in regard to the boundaries of the land or as to any other matter regarding the land, as an inducement to the plaintiff to purchase his interest therein.

I am also inclined to think that this case comes within the other rule laid down by the courts, viz., that where a representation is made in order to induce a trade, if the party does not know it is false, or if the circumstances are not such that he ought to know whether it be false or not, the subject of the representation must be of such a nature that the person making it could readily have personal and exact knowledge upon the subject. If the matter be of a nature that the party can only form an opinion upon the subject and not obtain exact personal knowledge, his representation, if made in good faith, will be deemed only an expression of opinion and not the assertion of a fact within his personal knowledge. The matter of the exact boundaries of a governmental subdivision of land is usually a matter of great doubt, and is a matter upon which men do not usually have exact knowledge, and any representation in regard to it when made in good faith should be deemed rather the expression of an opinion than as a fraudulent representation of a matter clearly within his personal knowledge. There may be and are cases where a representation as to boundaries would be held fraudulent when made to induce a trade, but in such cases the facts have been such as to show that there was a want of good faith in making the representation. The evidence in this case does not show any such want of good faith, and the representation must, as a matter of law, be considered as the expression of an opinion rather than of a fact.

I think the case comes within the rule stated by the court in the cases of *Page v. Bent*, 2 Met. 371, 376, and *Tucker v. White*, 125 Mass. 344, 347. And I know of no decision of

this court which is in conflict with either of the decisions of the Massachusetts court above cited.

I think the judgment of the circuit court should be affirmed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded either for judgment on the verdict in favor of the plaintiff or for a new trial at the option of the defendant.