MIDDLETON and another, Respondents, vs. JERDEE and another, Appellants.

*November 10 — December 4, 1888.*

*False representations: Instructions to jury: Reversal of judgment: Immaterial error: Nominal damages.*

1. In an action for false representations alleged to have been made to induce the plaintiffs to lease land from the defendants, an instruction that if the defendants in making the contract for the lease made positive statements as to the character of the land, etc., without knowing them to be true, and they were not true and were relied upon by the plaintiffs, then the plaintiffs could recover, is *held* fairly to imply that such statements must have been made for the purpose of inducing the plaintiffs to enter into the lease, and the failure expressly so to state will not work a reversal of the judgment where such instruction was immediately followed by others to the effect that there could be no recovery unless the false representations were made with intent to deceive.

2. Where the plaintiff recovers substantial damages upon one cause of action and merely nominal damages upon another, the judgment will not be reversed on defendant's appeal for an error relating only to the nominal recovery, if that recovery does not affect the question of costs.

APPEAL from the Circuit Court for *Rock* County.

The case is sufficiently stated in the opinion. The defendants appeal from a judgment in favor of the plaintiffs.

For the appellants there was a brief by *Rufus B. Smith,* attorney, and separate briefs by *Lamb & Jones,* of counsel, and the cause was argued orally by *F. J. Lamb* and *Rufus B. Smith.*

For the respondents there was a brief by *John M. Olin* and *Pinney & Sanborn,* and oral argument by *A. L. Sanborn* and *John M. Olin.* To the point that a positive statement of fact, made without knowing it to be true, is fraudulent, they cited, besides cases cited in the opinion: *Haycraft v. Creasy,* 2 East, 103; *Pawson v. Watson,* Cowp.

788; *Evans v. Edmonds,* 13 C. B. 786; *Grim v. Byrd,* 32 Gratt. 293; *Goodwin v. Robinson,* 30 Ark. 535; *Taylor v. Ashton,* 11 Mees. & W. 401; *Case v. Ayers,* 65 Ill. 142; *Woodruff v. Garner,* 27 Ind. 4; *Frenzel v. Miller,* 37 id. 2; *Hammons v. Espy,* 1 Wils. (Ind.), 536; *Foard v. McComb,* 12 Bush, 723; *Doyle v. Hort,* 4 L. R. (Irish), 661; *Webster v. Bailey,* 31 Mich. 36; *Beebe v. Knapp,* 28 id. 53; *Coleman v. Pearce,* 26 Minn. 123; *Brownlee v. Hewitt,* 1 Mo. App. 360; *Pomeroy v. Benton,* 57 Mo. 531; *Nugent v. C., H. & I. S. L. R. Co.* 2 Disney (Ohio), 302; *Bower v. Fenn,* 90 Pa. St. 359; *Parmlee v. Adolph,* 28 Ohio St. 10; *Davis, M. & Co. v. Betz,* 66 Ala. 206; *Atwood's Adm'r v. Wright,* 29 id. 346; *Waters v. Mattingly,* 1 Bibb, 244; *Snyder v. Findley,* 1 N. J. Law, 48; *Mitchell v. Zimmerman,* 4 Tex. 75; *Cabot v. Christie,* 42 Vt. 121; *Stone v. Denny,* 4 Met. 151; *Litchfield v. Hutchinson,* 117 Mass. 195.

TAYLOR, J. This action was brought by the respondents to recover damages of the appellants for alleged false and fraudulent representations made by the appellant *Mons P. Jerdee,* who acted as agent of *Ole P. Jerdee,* in leasing to the respondents a farm belonging to said *Ole P. Jerdee.* The evidence shows that the lease was made by the respondents in January, at a time when the farm was covered with a foot and more of snow; that the plaintiffs had no knowledge of the real character of the farm previous to the time of making the lease; and that, although they went upon the farm on the day the lease was made with *Mons P. Jerdee,* the whole surface thereof was so deeply covered with snow that they could not tell how much was plow-land, nor could they tell anything about the character of the marsh land or plow-land; and they allege that they depended entirely upon the representation made by *Mons P. Jerdee* as to the quantity and character of the plow-land, as well as to the character and quality of the marsh land.

On the trial the plaintiffs gave evidence which tended to show that the quantity and quality of the plow-lands, as well as the quality of the marsh lands, were materially different from what they were represented to be by the defendant *Mons P. Jerdee;* and also showing that the real rental value of the farm was much less than the rent they had agreed to pay by their lease, and which they were in fact compelled to pay. They also show that they went upon the farm while the snow was still on the ground and before they could determine that the character of the farm had been misrepresented to them, and that when they discovered its real character it was too late for them to abandon it and take another farm for the season. On the trial the plaintiffs recovered a judgment against the defendants.

The only errors relied upon by the appellants on this appeal are such as relate to the instructions given to the jury by the circuit judge.

The appellants duly excepted to the following instruction given to the jury, viz.: "If you find that the defendant *Mons P. Jerdee*, in making the contract for the lease, made positive statements as to the character of the farm, the number of acres of plow-land, or the character of the marsh, or the number of acres of good marsh, and made such statements without knowing them to be true, and they were not true and were relied upon by the plaintiffs, then the plaintiffs are entitled to recover."

The appellants also excepted to certain instructions of the court as to the validity of what was spoken of on the trial as the chattel-mortgage clause in the lease, under which the defendants had seized certain property of the plaintiffs and threatened to sell the same for the payment of the rent reserved in the lease. The circuit court held that the tenants could revoke this clause at their pleasure, and that a seizure by the landlord of the tenants' property under this clause, after the tenants had notified him that

they revoked it, was a trespass. We do not deem it necessary to pass upon the correctness of the ruling of the learned circuit judge upon this question in this case, as it appears that the plaintiffs recovered but nominal damages — six cents — for the alleged seizure of the tenants' goods after such alleged revocation. If the respondents are entitled to hold their judgment for the substantial damages awarded them by the jury resulting from the alleged false and fraudulent representations made by the defendants in regard to the character of the land leased by the plaintiffs from the defendants, then such judgment will not be reversed because the judgment may have included in it the six cents nominal damages awarded them for the seizure of their property by the defendants, even though such seizure may have been lawful. The rule *de minimis non curat lex* applies, as the question of costs does not depend upon the recovery of said six cents damages.

The criticism made by the learned counsel for the appellants upon the instruction above quoted, and to which exception was taken, is that under it the jury might find in favor of the plaintiffs although they should be of the opinion that no fraud had been committed or intended by the defendants or either of them in making such representations. It is insisted that no allegations are made in the complaint upon which a recovery can be had upon proof of such facts; and, if such allegations had been made in the complaint, that it would not have constituted a cause of action, for the reason that, all the negotiations for making the lease having terminated in the written lease, no mere verbal statements made by the parties during such negotiations can be relied upon as constituting a cause of action upon contract, as the law holds that they are all merged in the written contract or waived by the parties: and that in order to recover in this action the plaintiffs must show that the defendants made some fraudulent repre-

sentations for the purpose of inducing the plaintiffs to enter into the lease afterwards executed by them.

Upon this question there is no dispute between the learned counsel for the respective parties. Whether the learned counsel for the appellants have stated the law correctly in their criticism and contention, as above stated, it is wholly unnecessary to decide in this case. The plaintiffs have in their complaint clearly set forth the representations alleged to have been made by the defendants, and they allege that they were made by the defendant *Mons P. Jerdee* knowing the same to be false, and with the intent to induce the plaintiffs to enter into the lease, and that they relied upon the truth of such representations. It is probable that the instruction is not applicable either to the allegations in the complaint or to the evidence offered on the trial. From an examination of the evidence it appears to me that there is very little, if any, evidence to which the instruction is applicable. The complaint, and the evidence in its support given on the part of the plaintiffs, makes out a case of false representations made knowing them to be false; and I do not understand that the evidence of *Mons P. Jerdee* tends to show that he did not know the falsity of the representations made, if made as alleged by the plaintiffs.

The instruction excepted to is defective, if defective at all, in not further stating that the representations were made with the intent to induce the plaintiffs to enter into the lease. That the learned circuit judge understood that the instruction as given was equivalent to such instruction, is evident from the fact that he immediately followed it by an instruction which clearly embodied that idea. This instruction reads as follows, and was given at the request of the defendants, viz.: " There can be no recovery unless *Mons P. Jerdee* represented as true a material matter which he at the time knew to be false or did not have

reason to believe to be true, and made the representation in such a way or under such circumstances as to induce a reasonable man to believe that it was true, and it was meant to be acted upon, and the plaintiffs, believing it to be true, acted upon their faith in it, and by so acting sustained damages." This latter instruction perhaps more clearly presents the idea that the material statement made must be made with an intent to induce the opposite party to enter into the proposed contract than the first instruction. We do not think the two instructions are so inconsistent with each other as to have in any way misled the jury, especially in view of the very clear manner in which the learned circuit judge afterwards in his general charge submitted the case to the jury upon the case as alleged in the complaint and as presented by the evidence on the trial.

The learned circuit judge, after stating to the jury the substance of the complaint in the case and the answer of the defendants, then adds: " If one person represents to another *as true that which he knows to be false*, and makes the representation in such a way and under such circumstances as to induce a reasonable man to believe that the matter stated is true, and the representation is meant to be acted upon, and the person to whom the representation is made, believing it to be true, acts upon the faith of it and suffers damage thereby, this is fraud sufficient to constitute an action for deceit." Then, after stating that expressions of opinion as to what will occur in the future are not actionable, he says: " But if *Mons P. Jerdee* said there was fifty acres of good marsh on this farm, and there was in fact only fourteen, this statement, if he knew it to be false and he made it to deceive the plaintiffs, would form the basis of an action for fraud." " So, if he had said that the meadow land on his farm had produced one hundred tons of good hay per year which had been sold at seven dollars a ton, and he knew such statement to be false, and he made it to

deceive, this would be a false and fraudulent statement." "Every false affirmation does not amount to a fraud. To constitute a fraud, a knowledge of the falsity of the representations must be shown to have existed in the minds of the persons making them at the time such representations were made. Material representations made by *Mons P. Jerdee* to the plaintiffs, or either of them, when negotiating with them for leasing the farm, of matters assumed to be within his personal knowledge, are false and fraudulent in a legal sense, if made with intent to deceive the plaintiffs, if untrue, and are relied on by the plaintiffs to their damage, although *Mons P. Jerdee* did not know them to be untrue."

Although exceptions to most of these instructions were taken on the trial, none of them are relied upon as errors in this court. These instructions are certainly as favorable to the defendants as the law and the evidence in the case would warrant. The last instruction above quoted is substantially the same as the one given at the request of the defendants and above referred to, and their correctness is fully sustained by the decisions of this and other courts. *Cotzhausen v. Simon,* 47 Wis. 103; *McClellan v. Scott,* 24 Wis. 81; *Risch v. Von Lillienthal,* 34 Wis. 250; *Miner v. Medbury,* 6 Wis. 295; *Bird v. Kleiner,* 41 Wis. 134; *Wells v. McGeoch,* 71 Wis. 196, 225–231; *Davis v. Nuzum,* 72 Wis. 439; and numerous other cases from other courts, cited in the brief of the respondents. The last instruction is in all material respects like the one excepted to by the defendants, and which they allege is erroneous. The only difference is that in the last it is expressly stated that the representation must be made with intent to deceive, and in the first the idea that the statement must be made with intent to deceive or to induce the plaintiffs to enter into the lease is clearly implied. The language of the instruction is "that if you find that the defendant *Mons P. Jerdee,* in making the contract for the lease, made positive state-

ments," etc. We think it is fairly implied from this language that the statements made in such case would necessarily be made for the purpose of inducing the plaintiffs to enter into the lease, and so are brought within the rule contended for by the learned counsel for the defendants. But, if there be doubt about the real construction which this instruction should receive, we are very clear that, under the pleadings, the evidence in the case, and other instructions given concerning the correctness of which there is no question made, the defendant were not prejudiced by it, and the judgment should not be reversed for that reason.

*By the Court.*— The judgment of the circuit court is affirmed.