KRAUSE, Respondent, vs. BUSACKER, Appellant.

*December 22, 1899 — January 9, 1900.*

*False representations: Fraud:* Scienter: *Special verdict: Immaterial questions: Practice: Measure of damages.*

1. In an action at law to recover damages for material false representations, it is not necessary to show the representations to have been wilfully false. If the representations were material and false, and the maker knew or ought to have known them to be false, or made them recklessly with no knowledge on the subject, and the injured party relied on them as true, without present means of knowledge as to their falsity, and suffered damages thereby, then the fraud is complete.

2. Where, in such a case, plaintiff was entitled as a matter of law to rely and act on defendant's representations, it is unnecessary to submit as a part of a special verdict the question whether the plaintiff, in the exercise of ordinary care and prudence, as an ordinarily intelligent man, ought to have relied on such representa-

tions as true, and it was not error for the court to strike out of the verdict such question and answer as immaterial.

3. In an action at law to recover damages for false representations as to property, where there was no rescission of the contract, outlays made by plaintiff in improving the property before the falsity of the representations was discovered, are not proper elements of damages.

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed in part; reversed in part.*

This is an action to recover damages for alleged false representations claimed to have been made by the defendant to the plaintiff by reason of which the plaintiff was induced to purchase a certain mill site and dam in the town of Saukville, Ozaukee county, Wisconsin. The complaint alleges that the plaintiff, on the 27th of January, 1891, owned a homestead in the city of Milwaukee, worth $2,900, and that thereafter the defendant, *Busacker*, opened negotiations with the plaintiff, *Krause*, to exchange the said mill site and dam for said homestead, and represented that the dam was in the best of condition, substantially made, and suitable for the purpose intended; that the parties went to see the dam on the 27th of January, 1891, when the same was covered with ice, so that an inspection thereof could not be made, and that *Busacker* then repeated his representations, knowing them to be false, and that the plaintiff, relying on the representations, exchanged his homestead for the said mill property, and also gave *Busacker* a mortgage for $1,200 upon the mill property in consideration of the loan of that amount which *Busacker* then made to *Krause* for the purpose of making repairs upon the mill building, which had been recently damaged by fire. The complaint alleges further that when the ice went out in the spring *Krause* discovered that the dam was worthless; that he (*Krause*) had no means, and could not procure any loan

upon the property, and therefore could not reconstruct the dam, and was compelled to abandon the mill and the improvements; that *Busacker* sold the mortgage for $1,200 upon the mill property to one Riemer, and that said mortgage was foreclosed, and the property purchased by *Busacker*, who took possession thereof, and sold the same to other parties. Judgment is demanded for the purchase money of said property, and also for the sum of $3,000 expended by *Krause* in material and improvements placed upon the property.

The answer, in effect, denies the alleged misrepresentations, and alleges that the dam was in good condition.

A special verdict was rendered in the action as follows: "(1) Did the defendant, as an inducement to the proposed trade with the plaintiff, represent to the plaintiff that the dam was the best dam there is? *A*. Yes. (2) If you answer the last question 'Yes,' then was the representation untrue? *A*. Yes. (3) Did the defendant, as an inducement to the trade with the plaintiff, represent to the plaintiff that the dam was then in good condition? *A*. Yes. (4) If you answer the last question 'Yes,' then was such representation untrue? *A*. Yes. (5) If you answer the first and third questions, or either of them, 'Yes,' then did the defendant make such representation with the intent that the plaintiff, in making the trade, should rely upon the same as true? *A*. Yes. (6) If you answer the first and third questions, or either of them, 'Yes,' then did the plaintiff believe such representation to be true? *A*. Yes. (7) If you answer the first and third questions, or either of them, 'Yes,' then did the plaintiff, in making the trade, rely upon such representation as true? *A*. Yes. (8) If you answer the last question 'Yes,' then ought the plaintiff, in the exercise of ordinary care and prudence, as an ordinarily intelligent man, to have relied upon such representation as true? *A*. No. (9) If you answer the first and third questions, or either of

them, 'Yes,' then did the plaintiff have any knowledge or information of the actual character and condition of the dam, other than the defendant's representation concerning the same, upon which he relied in making the trade? *A.* No. (10) At the time the plaintiff and defendant visited the dam on or about January 20, 1891, was the dam so covered by water and ice that with the use of reasonable diligence the plaintiff could not make a personal examination of the same, and ascertain its actual character and condition? *A.* Yes. (11) If you answer that the defendant made any untrue representation to the plaintiff concerning the dam, upon which the plaintiff relied, then how much less was the mill property worth at the time the trade was consummated than it would have been worth had it been as represented to be by the defendant? *A.* $50. (12) If you answer that the defendant made any untrue representation to the plaintiff concerning the dam, upon which the plaintiff relied, then did the plaintiff expend money in improving the mill property on account of such reliance upon the defendant's representation? *A.* Yes. (13) If you answer the last question 'Yes,' then how much money did the plaintiff expend in making improvements, before he found out, or ought to have found out, that such representations were untrue? *A.* $450."

On motion the court struck out the eighth finding of the verdict as immaterial, and rendered judgment for the plaintiff for the sum of $500 and costs, and the defendant appeals.

*Lyman G. Wheeler,* for the appellant.

For the respondent there was a brief by *E. S. Turner,* attorney, and *Geo. L. Williams,* of counsel, and oral argument by *Mr. Williams.*

Wɪɴsʟow, J. The appellant contends: (1) That the judgment must be reversed because *scienter* is not found; (2) that the court erred in striking out the eighth finding of the verdict; and (3) that, in any event, the court erred in allowing

to the plaintiff as damages the $450 expended upon the property for improvements.

1. The claim that in an action at law to recover damages for materially false representations, by which the purchase of property is induced, the representations must be shown to have been wilfully false, cannot be sustained. The question has been settled in this court by numerous adjudications, and it is not deemed necessary to review them. If the representations were material and false, and the maker thereof either knew or ought to have known that they were false, or if he made them recklessly, with no knowledge on the subject, and the injured party relied upon them as true, without the present means of knowledge of their falsity, and suffered damage thereby, then the fraud is complete. *Bird v. Kleiner*, 41 Wis. 134; *Cotzhausen v. Simon*, 47 Wis. 106; *Montreal River L. Co. v. Mihills*, 80 Wis. 541; *Beetle v. Anderson*, 98 Wis. 5.

2. The court committed no error in striking out the eighth finding of the jury. The jury had found as facts, in answer to other questions, that the representations alleged were in fact made as inducements to the trade; that they were false; that the plaintiff relied upon them; that the plaintiff had no knowledge of the actual condition of the dam, and could not, by reason of the ice, ascertain its actual condition. Upon this state of facts the plaintiff was, as matter of law, entitled to rely and act upon the defendant's representation. *Gunther v. Ullrich*, 82 Wis. 222. It was, therefore, unnecessary to submit to the jury the eighth question, which is, in its nature, a legal conclusion. Nor could the jury destroy the legal effect of the other findings by answering that question as they did. That such finding may be stricken out by the trial court is well settled. *Rahr v. Manchester F. Ass. Co.* 93 Wis. 355.

3. Upon no theory, however, can it be held that the plaintiff is entitled to recover the $450 which he spent in improv-

ing the mill property before he found out the true condition of the dam. Possibly, had there been a rescission of the sale, such outlays might have been proper elements of damage; but there was no rescission. The plaintiff elected to keep the property, never attempting to rescind the sale, but bringing his action for damages, and thus affirming the transaction. Thus it is clear that the expenditures for improvements were expenditures made upon his own property, and that he necessarily had the benefit of them. The fact that the property was afterwards sold upon foreclosure of a valid mortgage, or that the defendant bought it upon the foreclosure, cannot convert such an expenditure into an element of damage legitimately flowing from the fraud. The only legal damage shown by the verdict is the sum of $50, which the property was worth less than it would have been had the dam been as it was represented to be. Judgment should have been rendered for this sum alone.

*By the Court.*— As to the sum of $450 the judgment is reversed, with costs, and as to the balance the judgment is affirmed.