| 117 | 91 |
| 117 | 97 |

NELSON, Respondent, vs. ALLEN, Appellant.

*February 6—February 24, 1903.*

*Vendor and purchaser of land: Fraud: Rescission: Several contracts: Offer to reconvey: Repayment of taxes.*

1. False representations by a vendor of land to the purchaser, as to the location of the boundary lines, were representations as to matters of fact and not of mere opinion.

2. The purchaser of lands is not bound to know that the descriptions furnished by the vendor and inserted in the contract correctly describe the lands shown him and which he actually agreed to purchase.

3. Where plaintiff negotiated with defendant for the purchase of lands for himself, for his wife, and for one G., and took a contract in his own name for one tract, a separate contract in G.'s name for another tract, and a deed to his wife of a third tract, he may have the contract in his own name rescinded for fraud of the vendor, without offering to reconvey the other tracts.

4. Upon rescission of a land contract for fraud of the vendor, he may be required to repay the taxes paid by the purchaser.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

This is an action to rescind, on the ground of fraud and misrepresentations, a land contract entered into between the plaintiff and defendant December 7, 1899, for the purchase of 100 acres of land therein described, situated in Barron county, Wisconsin, for the agreed price of $900, of which sum $200 was paid down. Issue being joined and trial had, the court made findings of fact to the effect that the defendant was a real-estate dealer, doing business as such in St. Paul, and owned certain lands near Cumberland, in Barron county, Wisconsin; that one Joseph Hennen was the agent of the defendant, and resided at Cumberland, and was engaged in selling lands at that place for the defendant; that a part of his business was to show prospective buyers such lands of the defendant; that the plaintiff, in pursuance of certain negotiations had with the defendant, went to Cumberland and was taken by the said Hennen to see the defendant's lands; that the plaintiff told Hennen that he wanted to buy timber lands, and Hennen replied that he had one tract of hardwood timber land for sale east of Silver Lake, to which he then took the plaintiff, and told him that the tract contained about 200 acres, and the same was shown to the plaintiff, and the same had thereon a heavy growth of hardwood

timber; that Hennen stated to the plaintiff that said land was the land he had for sale, and pointed out the lines marking the boundaries thereof, which statements and representation were false, as Hennen well knew; that Hennen afterwards told him that such land so shown to him was of a certain description, the same as mentioned in the contract in this case and the case of *Grue v. Allen, post,* p. 96, 93 N. W. 1134, which representations were false, as Hennen well knew; that the lands shown plaintiff were good hardwood timber lands, while the lands described in the written contract with plaintiff were rough, and with practically no timber thereon, and consisted of gravelly knolls, interspersed with swamps and marshes, and were of much less value than the lands shown to the plaintiff, all of which said Hennen knew; that the plaintiff was a stranger in Barron county, and knew nothing of the government subdivisions of the lands therein situated, and relied entirely upon the representations and statements of Hennen in respect to the same; that being so deceived by such false statements of Hennen, and relying thereon, the plaintiff arranged to buy 100 acres of such lands for himself, and 100 acres for Mr. Grue, and did on December 7, 1899, purchase for himself the 100 acres of land described to him by Hennen, of the defendant, and paid $200 of the purchase price thereon at the time, and then and there entered into the written contract with the defendant, mentioned, and paid to him $200 of the purchase price, and the balance of $700 was to be paid in five instalments mentioned in the contract, and when fully paid the defendant was to deed the same to the plaintiff; that during the entire transaction Hennen acted as and was the agent of the defendant; that thereafter, and before learning of such fraud and deceit, the plaintiff paid taxes on the land, amounting to $6.75; that as a matter of fact the lands described to the plaintiff by Hennen, and in the written contract, were not the lands so shown him by Hennen, and the plaintiff had never been on

or seen the same; that the sale was made through the false
and fraudulent representations and statements of Hennen;
that after making such payment of $200, and paying the
taxes mentioned, and the expense of locating the lands, and
shortly before the commencement of this action, the plaintiff
learned for the first time of the deceit thus practiced upon
him, and immediately notified the defendant of his desire to
rescind the contract so entered into, and demanded the re-
payment of the money paid on it, and offered to relinquish
and release to the defendant all his right, title, and interest
in and to said lands, but defendant refused to acknowledge
in any way plaintiff's right to rescind, and refused to repay
the money or any part thereof; that the plaintiff holds un-
incumbered all the right, title, and interest in and to said
lands that he received from the defendant, and had on the
trial produced a good and sufficient deed of reconveyance of
the same, which was deposited with the clerk of the court for
the defendant.

And, as conclusions of law, the court found that the sale of
the land to the plaintiff was fraudulent and void; that the
plaintiff was entitled to judgment annulling the written con-
tract mentioned, and also to recover the sum of $200, with
interest thereon at six per cent. from December 7, 1899, with
$6.75 paid for taxes, together with costs and disbursements of
this action.    From the judgment entered thereon accordingly
the defendant appeals.

For the appellant there was a brief by *Harold Harris* and
*T. M. Thorson,* and oral argument by *Mr. Harris.*

For the respondent the cause was submitted on the brief of
*William N. Fuller.*

CASSODAY, C. J.    This case is quite similar in its facts and
the points presented to the case of *Hansen v. Allen, ante,*
p. 61, 93 N. W. 805.    In this case, however, it is admitted
that before the commencement of this action the plaintiff

notified the defendant in writing that he had been induced to sign the written contract by fraud practiced upon him by the defendant's agent, and that he demanded the immediate return of the money paid on the contract, with interest from December 7, 1899, and $6.75 for taxes paid on the same; and thereby offered to give to the defendant a good and sufficient deed, releasing all the right, title, interest, and claim which the plaintiff had received from the defendant in and to the land. The questions in dispute are almost wholly questions of fact. The findings of the court are amply supported by competent evidence. No good purpose would be served by discussing the evidence in detail. No such discussion is attempted in the brief of counsel. Nor is there any necessity for considering again the questions determined in the *Hansen Case*. The contention that the representations of Hennen·as to the location of the lines were matters of opinion, and not of fact, is without foundation. The contention that the plaintiff was bound to know that the descriptions of lands furnished to him by Hennen were not the lands shown to him by Hennen is also without foundation.

The case at bar differs from the *Hansen Case* in one particular. It is here claimed that in the transaction complained of the plaintiff purchased "277 acres of land, namely, lots 3 and 4, lying north of Silver Lake, and in addition thereto the 200 acres" mentioned, 100 acres of which is described in the contract with this plaintiff, and the other 100 acres of which is described in the contract with Grue (the plaintiff in the other action); and that the plaintiff (*Nelson*) only offered to redeem to the defendant the 100 acres described in his contract. The same contention is made as to the 100 acres described in the Grue contract. The claim of the defendant is that *Nelson* purchased all the lands as a single transaction. It is true the negotiations of the defendant and his agent were all with the plaintiff *Nelson*, who acted for himself and Grue, and the false representations were all made to *Nelson*.

But the transaction, as finally concluded, consisted of three parts, each separate and distinct from the other: One part consisted of the written contract with Nelson for the 100 acres of land therein described, and no other land is mentioned or referred to in that contract. Another part consisted of the written contract with Grue, for the 100 acres of land therein described, and no other land is mentioned or referred to in that contract. The other part of the transaction consisted of the purchase of the two lots, 3 and 4—containing 77 acres—situated north of the lake, and which Nelson bought for his wife, and paid for the same in cash, and for that reason got the land fifty cents an acre cheaper than he would if he had bought the same on credit. The defendant gave a deed of the two lots at the time, and the plaintiff saw the lots at the time of such purchase, and makes no claim of any fraud in the purchase of those lots. Such being the facts, the plaintiff was not required to reconvey, nor offer to reconvey, any lands not described in his contract.

There was no error in requiring the defendant to pay interest on the $200 from the time of payment, nor in requiring him to repay the taxes on the land paid by the plaintiff. *Hansen v. Allen, ante,* p. 61, 93 N. W. 805. We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.