OHRMUNDT, Respondent, vs. SPIEGELHOFF, Appellant.

*September 23—October 18, 1921.*

*Fraud: False representations: Good faith: Reliance: Diligence: Evidence: Value of property exchanged: Trial: View of premises: Measure of damages: Form of special verdict.*

1. In an action for false representations inducing an exchange of plaintiff's farm for defendant's plat of ground and dwelling house, evidence as to the value of plaintiff's farm was admissible on the question as to whether plaintiff relied on the representations.

2. Where defendant, in inducing the exchange, told plaintiff there were four and one-half acres in the plat and that the second fence from a certain point, and not the first fence, was the boundary of the property, whereas the tract contained about two and one-half acres and the first fence was the boundary, the representations were such as to authorize the plaintiff to rely thereon.

3. There having been no opportunity for adequate examination by plaintiff as to the quality of the soil, he having visited the premises only once before the trade was made, on an occasion when there was snow, ice, and water on the ground, he might rely on the representations of the owner as to the quality of the soil.

4. A view is had to enable the jury to understand and correctly weigh the evidence, and if it is conflicting the view may be used to aid them in determining whose evidence is the more credible; and where the evidence as to the value of the property was conflicting it was not error for the court to grant a view over objection.

5. The measure of damages for false representations as to the quantity and quality of the land exchanged is the difference between the value of the property as it actually was at the time of the exchange and as it would have been had it been as represented.

6. An instruction that "as to material misrepresentations relied on by the purchaser, he having no knowledge or means of knowledge on the subject, the question whether, in the exercise of ordinary care and prudence as an intelligent man, he ought or ought not to have relied thereon, is immaterial," was not subject to exception when taken in connection with the preceding charge that, if false representations were made as to the value of the property and its quality as to productiveness,

Ohrmundt v. Spiegelhoff, 175 Wis. 214.

plaintiff could not recover damages for such misrepresentations, if in the exercise of ordinary care and prudence he ought not to have relied thereon.

7. Where material false representations have been established the question is, Was plaintiff actually misled by them? and not, Would an ordinarily careful and prudent man be misled by them?

8. If false representations were made and relied on by plaintiff, to his injury, it is immaterial that the person making the same in good faith believed them to be true.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Action to recover damages sustained by the plaintiff by reason of false representations made by the defendant, among others as to the quantity of land and quality of soil of a plat of ground and dwelling house in Watertown traded by him for plaintiff's farm. The jury by a general verdict found for the plaintiff and assessed his damages at $2,400, and the defendant appealed.

For the appellant there was a brief by *Skinner & Thauer* of Watertown and *Charles B. Rogers* of Fort Atkinson, and oral argument by *Mr. Rogers* and *Mr. Nicholas Thauer.*

*Otto Kuenzli* of Watertown, for the respondent.

VINJE, J. This is the third trial of the case. The first trial in Jefferson county resulted in a verdict of $500 for plaintiff. Upon defendant's motion the verdict was set aside and a new trial granted and a change of venue had to Dodge county. On the second trial the jury failed to agree.

A number of false representations in addition to those mentioned were alleged in the complaint and testified to, but the two mentioned are the most material ones, and if sustained by the evidence would warrant the verdict rendered and require an affirmance of the judgment unless prejudicial error in the trial requires its reversal.

Some evidence was received as to the value of the farm traded for the Watertown house and ground, but after a

colloquy between court and counsel it was stricken out.  Defendant claims it was not all stricken out and that other evidence as to the value of the farm came in over his objection, and a number of assignments of error on this ground are argued.  The evidence was admissible and should not have been stricken out.  It appears that plaintiff's equity in the farm was worth between $4,000 and $5,000.  It was incumbent upon him to establish not only that false representations had been made to him, but that he relied upon them in making the trade.  If he can show that he parted with a consideration equal to the value of the premises received in trade as represented by the defendant, it is pretty persuasive proof that he relied upon the representations. Thus, if land is worth $100 per acre and A. claims B. pointed out a tract that contained three acres, but B. claims he pointed out only a two-acre tract, the fact that A. paid him $300 is strong evidence that he relied upon B.'s representations as to quantity.  If the proof showed he paid only $200, the jury might well say that no reliance was placed upon the representations that there were three acres or that such representations were never in fact made.  Since such proof was admissible in evidence, all assignments of error predicated upon its wrongful retention or admission fall.

Plaintiff testified that defendant told him there were four and one-half acres in the city tract; that looking from the barn the second fence therefrom and not the first fence, through which there was a gate, was the boundary of the property, whereas in fact the tract contained only about two and one-half acres and the first fence was the boundary. Defendant denies this testimony, but there is nothing in the evidence from which we can say the jury erred in finding for the plaintiff, so the finding must stand.  That the representations made as to quantity of land were of such a character and made under such circumstances as to authorize the purchaser in relying upon them is established by abundant

authority in this state. *Bird v. Kleiner,* 41 Wis. 134; *Tyner v. Cotter,* 67 Wis. 482, 30 N. W. 782; *Davis v. Nuzum,* 72 Wis. 439, 40 N. W. 497; *Middleton v. Jerdee,* 73 Wis. 39, 40 N. W. 629; *Castenholz v. Heller,* 82 Wis. 30, 51 N. W. 432; *Gunther v. Ullrich,* 82 Wis. 222, 52 N. W. 88; *Porter v. Beattie,* 88 Wis. 22, 59 N. W. 499; *Nelson v. Allen,* 117 Wis. 91, 93 N. W. 807; *Westra v. Roberts,* 156 Wis. 230, 145 N. W. 773.

Plaintiff also testified that defendant told him the soil of the city tract was very fertile and well adapted for a market garden. It was quite conclusively shown that the soil consisted of a black clay or muck that was not fertile and would cake and harden in dry weather and be impossible to work in wet weather. Defendant meets this charge by saying that no such representations were made and that since plaintiff examined the premises he had no right to rely upon the statements if made. Upon conflicting evidence the jury had a right to find that the alleged representations were in fact made. The evidence also shows that plaintiff visited the premises only once before the trade was made and that it was some time in March when there was snow, ice, and water upon the ground, and plaintiff claims it was not possible to examine the soil and he did not do so, but relied upon the defendant's representations as to its quality. The jury could properly find that there was no opportunity for adequate examination as to the quality of the soil. Under such circumstances the purchaser may rely upon the representations in respect thereto made by the seller. *Rogers v. Rosenfeld,* 158 Wis. 285, 149 N. W. 33; *Miranovitz v. Gee,* 163 Wis. 246, 157 N. W. 790, and cases cited *supra.*

Error is assigned because the court at the close of the evidence granted a view of the premises over defendant's objection. A view is had for the purpose of enabling the jury to understand and correctly weigh the evidence. *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328;

*Munkwitz v. C., M. & St. P. R. Co.* 64 Wis. 403, 25 N. W. 438; *Seefeld v. C., M. & St. P. R. Co.* 67 Wis. 96, 29 N. W. 904.

If the evidence is conflicting the view may be used to aid the jurors in determining whose evidence is the more credible. *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328; *Seefeld v. C., M. & St. P. R. Co.* 67 Wis. 96, 29 N. W. 904. Here the evidence as to the value of the city tract was conflicting and the court properly permitted a view to enable the jurors to more correctly weigh it. In *Serdan v. Falk Co.* 153 Wis. 169, 140 N. W. 1035, this court said:

"Under our practice and the provisions of sec. 2852, Stats., it rests within the sound discretion of the trial court whether or not a view shall be had. The exercise of such discretion cannot be successfully assigned as error unless palpably wrong and prejudicial," citing many cases.

In the instant case the discretion of the court was exercised in favor of justice.

It is claimed the damages are excessive. The court correctly instructed the jury that the measure of plaintiff's damage was the difference between the value of the house and tract of land as it actually was in March, 1917, and as it would have been had it been as represented. The proof of actual value took a wide range, and it is sufficient to say that the verdict is within the evidence and supported by it to such an extent that it cannot be disturbed by the court.

Defendant excepted to this instruction:

"But as to material misrepresentations relied upon by the purchaser, he having no knowledge or means of knowledge on the subject, the question whether in the exercise of ordinary care and prudence as an intelligent man he ought or ought not to have relied thereon is immaterial."

The defendant claims that this should have been qualified by the statement that where the buyer, having means of knowledge at hand and available and having inspected the

property to be purchased, does not avail himself of those means and opportunities, he cannot be heard to say that he was drawn into the bargain by the vendor's misrepresentations. Had defendant noted the sentence in the charge preceding the one excepted to he would undoubtedly not have taken any exception to it. That sentence reads:

"If false representations were made as to the value of the property and its quality as to productiveness, the plaintiff cannot recover damages for such misrepresentation, if in the exercise of ordinary care and prudence he ought not under the circumstances to have relied upon the representations."

It will thus be seen that the court imposed upon plaintiff the duty to exercise ordinary diligence to inform himself of the facts, but that, having exercised such diligence, he might recover though he was more credulous than the ordinarily careful and prudent man. The question in cases where material false representations have been established is, Was plaintiff actually misled by them? and not would an ordinarily careful and prudent man be misled by them. *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406; *Kaiser v. Nummerdor,* 120 Wis. 234, 97 N. W. 932.

The defendant excepted to this instruction:

"If you find that the representations or any of them were made, that they were false, relied upon by the plaintiff and caused his injury, it is immaterial whether the person making the same in good faith believed them to be true; that of itself would not defeat plaintiff's right to recover."

The correctness of the instruction is established by a long line of cases in our court, among which there are *Matteson v. Rice,* 116 Wis. 328, 92 N. W. 1109; *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 98 N. W. 923; *Palmer v. Goldberg,* 128 Wis. 103, 107 N. W. 478; *Chalutz v. Wis. Cent. R. Co.* 143 Wis. 623, 128 N. W. 425; *First Nat. Bank v. Hackett,* 159 Wis. 113, 149 N. W. 703.

A number of exceptions were taken to remarks made by plaintiff's counsel in his argument to the jury. Most of

them were ruled out by the trial court and as to some of them the jury was instructed to disregard them.   They consisted largely in the statements of conclusions which plaintiff's counsel claimed the evidence sustained.   We have carefully examined all the remarks excepted to and are convinced that none of them prejudiced the jury in arriving at their verdict. No benefit would accrue to the legal profession by a detailed discussion of them.  ·

The court submitted the case to the jury under instructions that were not only legally correct but that set forth fully the claims of both parties, and the jury reached a result sustained by the evidence.

*By the Court.*—Judgment affirmed.