BECHMANN, Respondent, vs. SALZER, Appellant.

*October 10, 1918—January 7, 1919.*

*Fraud: False statement as to value of corporate stock: Belief of defendant: Degree of proof required: Instructions to jury: Harmless error: Evidence: Relevancy.*

1. Where defendant, without knowledge on the subject, assumed to know and stated as a fact, for the purpose of inducing plaintiff to buy certain corporate stock, that it was worth $15 per share, and such statement was untrue, the fact that defendant did not know his statement to be false, or believed it to be true, does not preclude liability on his part as for a deceit.

2. In an action for deceit the burden is upon plaintiff to establish the elements of the fraud by a clear and satisfactory preponderance of the evidence; but the refusal of the trial court so to instruct the jury in this case, and an instruction to the effect that as to certain elements of the alleged fraud the jury must be "satisfied by a fair preponderance of the evidence," are *held* not to have misled the jury or to have constituted prejudicial error, in view of the nature of the evidence and the correct charge given as to the other elements of the alleged fraud.

3. In an action for deceit whereby plaintiff was induced to buy certain corporate stock at a price much higher than its real value, testimony of the secretary of the corporation and the books and trial balances identified by him, showing assets, liabilities, earnings, etc., are *held* to have been material and relevant to the issues.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This is an action brought by the plaintiff for money damages, alleging a conspiracy to defraud, and for deceit. The complaint states that the plaintiff, a practicing physician of the city of La Crosse, in July, 1912, acting on the advice of the defendant, bought 100 shares of the capital stock of the U. S. Operating Company for the sum of $1,500, paying $1,000 by check to the U. S. Operating Company, the other $500 being paid to the company by the defendant in consideration of plaintiff's canceling a note on which the defendant owed him $500; that the U. S. Operating Company was in 1912 and is now completely insolvent, such facts being well known to the defendant; that prior to the month of July, 1912, the defendant entered into a conspiracy and agreement with other persons whereby they organized among themselves a company known as the U. S. Operating Company, with an authorized capital stock of $1,000,000; that immediately after such organization the defendant and his associates, George and Henry Salzer, caused to be issued to themselves capital stock of said corporation amounting to $240,000, and that from time to time thereafter and before July, 1912, additional capital stock was issued to defendant and his associates without any consideration; that defendant and his associates sold other stock to innocent parties, among them the plaintiff, and that considerable cash was in this manner paid into the treasury of the U. S. Operating Company, but that all said cash was paid out for salaries, expenses, or squandered in mismanagement.

The complaint further alleges that the plaintiff, who had been for a number of years a close friend of the defendant, told him some time prior to July, 1912, that he would like to invest some of his savings, whereupon defendant induced him to make the above arrangement and investment, representing to plaintiff that he knew about the U. S. Operating Company and that an investment in the same was a safe, conservative, as well as profitable one. Plaintiff further alleges that, in order to deceive him, defendant and his as-

sociates caused to be declared and issued to plaintiff two cash dividends of $20 each on said stock, whereas the U. S. Operating Company in fact never had any earnings whatever, the so-called dividends being paid out of money obtained from the sale of stock to innocent persons and for the purpose of deceiving the plaintiff, and that in addition a stock dividend of six shares was issued to plaintiff in March, 1913, for the same purpose.

The complaint further alleges that in 1916, when the plaintiff discovered the true status of the U. S. Operating Company, he offered and tendered to the defendant the said certificate of stock and everything that he had received by reason of the transactions hereinbefore set forth, and gave him notice that he rescinded the purchase of such stock and demanded of the defendant that he pay back the sum plaintiff had paid for the stock; all of which tenders, offers, and demands were refused by the defendant.

The answer of the defendant denies that he was in any way connected with plaintiff's purchase of U. S. Operating Company stock; that defendant was at any time an officer in that corporation or that he had participated in its organization or that he ever at any time had any interest, pecuniary or otherwise, in selling such stock to plaintiff.

By special verdict the jury found that prior to the time plaintiff purchased the stock in the U. S. Operating Company defendant represented to plaintiff that the stock was worth $15 a share; that defendant had not theretofore agreed to advise plaintiff in respect to his investments; that defendant represented this stock as being worth $15 a share for the purpose of inducing plaintiff to purchase the stock; that this representation was false at the time he made it, but that plaintiff believed such representation and on the strength of it purchased the stock; that such representation was made as a statement of fact and that defendant did not know it was false at the time he made it; that plaintiff was wanting in the exercise of ordinary care in making the purchase of

the stock; and that the value of the 100 shares of stock on the day plaintiff purchased them was $100.

Judgment was awarded the plaintiff in the sum of $1,954.66. From this judgment appeal is taken.

*Jesse E. Higbee* of La Crosse, for the appellant.

For the respondent there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *Geo. W. Bunge.*

The following opinion was filed November 6, 1918:

SIEBECKER, J.    Upon the record it cannot be said that the plaintiff's evidence is incredible because it is overwhelmingly impeached by his admission in the complaint and by the documentary and other evidence of the case. The fact that plaintiff's statements on the trial conflict with his former admission, the contents of documents, and former statements is not, under the circumstances shown, sufficient to impeach his evidence as matter of law in the light of his explanations. The court properly submitted the probative force of his evidence to the jury in connection with all the other facts and circumstances of the case.

It is insisted by appellant that the alleged false statements of defendant to plaintiff concerning the value of the U. S. Operating Company's stock at the time of investment, its probable increase in price, and its safety and reliability as an investment, are in their essence and nature mere expressions of opinion and that the parties so understood and considered them. The jury evidently relied on plaintiff's testimony in making their findings that the defendant stated as a fact that the stock was worth $15 a share. Plaintiff's evidence on this point was in part that the defendant stated to him:

" 'I have a good and safe investment for you. I wish you would take some of it. It is worth $15 a share. . . . This is a good investment; it will increase in value in time.' I said that if he said it was good I would take some of it."

The defendant on this point, among other things, testified:

"The doctor asked me what I thought of the U. S. Operat-

ing Company before he bought the stock. I told him I knew nothing about the company, but I thought it was a good buy. . . . I knew the officers. I had faith in the officers, and on the strength of that I said I thought it was a good buy."

In addition to these positive statements many of the facts and circumstances shown permit of the inference that defendant made representations to plaintiff as a matter of fact concerning the value of this stock and the desirability of buying it as a profitable investment and that such statements were made with intent to induce plaintiff to buy it and that plaintiff relied thereon and was thereby induced to make the purchase. It is, however, strenuously urged that the court erred in holding the defendant liable as for a deceit in the light of the evidence and the jury's finding that defendant did not, in fact, know at the time of such representation that the stock was not worth $15 a share. The argument is made that the evidence shows that the defendant honestly believed that the stock was selling for and was worth this amount. He testified that he had no personal knowledge or information concerning the debts, assets, business, or financial affairs of the Operating Company or what the stock was selling for. He states: "I had no idea of its value. . . . I had nothing on which to base my judgment except my acquaintance with the people." The rule for determining whether these facts justified the court in holding that the element of fraud, constituting a cause of action for deceit, was shown, is clearly stated in the case of *Derry v. Peek,* 14 App. Cas. 337, approved in *Miranovitz v. Gee,* 163 Wis. 246, 157 N. W. 790, as follows:

"Fraud is proved when it is shown that a false representation has been made (1) knowingly, or (2) without belief in its truth, or (3) recklessly, careless whether it be true or false. Although I have treated the second and third as distinct cases, I think the third is but an instance of the second, for one who makes a statement under such circumstances can have no real belief in the truth of what he states. . . . If fraud be proved the motive of the person guilty of it is immaterial."

This doctrine is amply supported by the decisions of this court.   Among the recent ones we cite: *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406; *Rogers v. Rosenfeld,* 158 Wis. 285, 149 N. W. 33; *First Nat. Bank v. Hackett,* 159 Wis. 113, 149 N. W. 703.

The trial court is clearly sustained by the record that the defendant, under the facts and circumstances shown, had no grounds for asserting that the stock was worth $15 a share and that it was a good and safe investment.   The defendant assumed to know and represented as facts things of which he admits he had no knowledge and which the jury found actually did not exist.

The trial court erroneously refused to instruct the jury, in connection with submitting questions 1 and 6 of its special verdict as requested, that the burden of proof as to these issues rested on plaintiff and that the affirmative thereof must be established "by a preponderance of the evidence so clear and satisfactory as to establish the fact with certainty and beyond reasonable controversy. . . ."  The court informed the jury that they must be satisfied by a fair preponderance of the evidence to answer these questions in the affirmative, which is incorrect.   The question of proof required as the quantum and degree of proof to establish the affirmative of these questions is stated in the request.   The court correctly informed the jury that as to the elements of fraud charged and embraced in questions 2, 3, 4, and 5 of the special verdict the burden of proof was on plaintiff and that to answer these questions in the affirmative they must be satisfied by a clear and satisfactory preponderance of the evidence to so answer them.   Why the court instructed the jury differently as to these elements constituting a fraud charge is not perceived.   The same rule applies to them all.   Can it be said that the jury was misled by this error of the court? We cannot say that the record indicates that they were.   The evidence material to the issue of fraud in all its elements is

so connected that if it is sufficient in probative force and quantum to sustain an affirmative answer to one of the elements as found by the jury, then it naturally suffices to establish the other elements of fraud charged. We are of the opinion that the evidence sustains the affirmative findings of the jury and that the record does not affirmatively show that the jury were misled by the erroneous instruction and hence it cannot be held to have prejudiced the appellant's rights.

The objection that the court erred in receiving the evidence of Mr. Keck, the secretary of the company, and the books and trial balances identified by him, is not well taken. An examination of this evidence discloses that it was proper to show the nature of the company's business and the manner in which it was conducted. This evidence tended to show what the assets, liabilities, earnings, and the cash receipts and disbursements of the company were, as well as the way stock was sold or otherwise disposed of. The evidence was competent and relevant to these inquiries, which were material to the issues presented by the pleadings and required to be determined by the jury.

We find no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on January 7, 1919.